**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Plaintiff

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re: | **Case No: 6:25-bk-15107-SY** |
| MAJED FAKHOURY, | **Chapter 13** |
| Debtor. | **Adv. No:** |
| | **ADVERSARY COMPLAINT FOR:** |
| MAJED FAKHOURY, | **1. WILLFUL VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362(K));** |
| Plaintiff, | |
| vs. | **2. AVOIDANCE OF UNAUTHORIZED POSTPETITION TRANSFER (11 U.S.C. § 549);** |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2; | **3. TURNOVER OF PROPERTY OF THE ESTATE (11 U.S.C. § 542);** |
| | **4. DECLARATORY RELIEF (28 U.S.C. §§ 2201-2202); AND** |
| BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP; | **5. INJUNCTIVE RELIEF (11 U.S.C. § 105)** |
| DOES 1 through 10, inclusive, | |
| Defendants. | |

///
///
///
///

1
ADVERSARY COMPLAINT

Plaintiff, Majed Fakhoury, brings this adversary proceeding against Defendants and alleges as follows:

## I.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334 and 157.
2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (G), and (O), as it involves the administration of the estate, orders to turn over estate property, the automatic stay, and other matters affecting the estate and the debtor-creditor relationship.
3. Venue is proper in this district under 28 U.S.C. § 1409(a) because the Debtor's underlying bankruptcy case, No. 6:25-bk-15967-SY, is pending in this district, and the real property at issue is located here.

## II.

## THE PARTIES

4. Plaintiff, Majed Fakhoury, an individual, is the debtor in the Chapter 13 case *In re Majed Fakhoury*, Case No. 6:25-bk-15967-SY, pending in this Court. Plaintiff is proceeding *in pro per* in his main bankruptcy case.
5. Upon information and belief, Defendant Wilmington Trust, National Association, a national banking association, not in its individual capacity but solely as Trustee of MFRA Trust 2015-2 ("Wilmington") is the beneficiary under a deed of trust encumbering the subject real property. Upon further information and belief, Wilmington acts through its loan servicer, ServiceMac, LLC.
6. Upon information and belief, Defendant Barrett Daffin Frappier Treder & Weiss, LLP, a limited liability partnership ("BDF"), is a law firm that acted as the agent and substituted trustee for Wilmington and conducted the foreclosure proceedings at issue in this complaint.

7. The true names and capacities of Defendants Does 1 through 10, inclusive, are unknown to Plaintiff at this time, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible for the events herein alleged and that Plaintiff's damages were proximately caused by their conduct. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

8. Plaintiff is informed and believes that at all times relevant to this action, each of the Defendants was the agent, employee, or partner of each of the other Defendants and was acting within the course and scope of that relationship.

## III.

## FACTUAL ALLEGATIONS

9. The real property at issue is commonly known as 1243 Jacaranda Place, Upland, California 91784 (the "Property"). The Property is the primary residence of Plaintiff, his spouse, and their children.

10. Plaintiff and his spouse, Lara Fakhoury, were married in 1998 and have been married continuously since. On or about January 28, 2019, during the marriage, the Property was acquired as the family residence. Although title to the Property was taken in Lara Fakhoury's name alone, this was done for loan qualification purposes because Plaintiff's credit was insufficient at the time of purchase, whereas his spouse had satisfactory credit.

11. The down payment for the Property came entirely from community funds earned during the marriage. Since its acquisition, all payments for the mortgage, property taxes, insurance, and maintenance have been paid from community funds derived predominantly from Plaintiff's earnings. At all relevant times, Plaintiff has held a community property interest in the Property under California Family Code § 760.

12. On July 25, 2025, Plaintiff's spouse, Lara Fakhoury, filed a Chapter 13 bankruptcy case in this Court, No. 6:25-bk-15107-SY. Although Ms. Fakhoury's Motion to Continue the Automatic Stay was denied on August 20, 2025, her case remains active and is

proceeding toward confirmation. She has made all post-petition mortgage payments, made all required payments to the Chapter 13 Trustee, and has filed all necessary amendments to resolve the Trustee's objections.

13. Following the hearing on August 20, 2025, and with Defendants intent on proceeding with a foreclosure sale, Plaintiff was left with no other means to protect his community property interest in the family home, filed his own Chapter 13 case on August 25, 2025.

14. The filing of Plaintiff's petition created an automatic stay under 11 U.S.C. § 362(a). This stay protects all property of the estate, which under 11 U.S.C. § 541(a)(2) includes Plaintiff's community property interest.

15. Although Plaintiff, who was self-represented at the time of the initial filing, did not list Defendants Wilmington or BDF on the creditor mailing matrix filed with the Court, it is undisputable that Defendants received actual notice of the bankruptcy filing and the resulting automatic stay. On August 25, 2025, and again on several subsequent dates prior to the foreclosure, both Plaintiff and counsel contacted representatives for the Defendants by telephone. In these conversations, Defendants' representatives confirmed they were aware of Plaintiff's bankruptcy filing and indicated that the matter had been "sent to legal" for review.

16. In addition to telephonic notice, counsel for Plaintiff's spouse provided direct written notice of the bankruptcy filing to attorney Darlene Vigil of BDF via email, and she acknowledged receipt of this email.

17. Accordingly, it is not subject to reasonable dispute that Defendants had knowledge of Plaintiff's bankruptcy case prior to the foreclosure sale.

18. On September 4, 2025, Defendants Wilmington and BDF knowingly and deliberately conducted a non-judicial foreclosure sale of the Property, despite their knowledge of Plaintiff's pending bankruptcy and the automatic stay.

19. This action was a direct violation of the automatic stay imposed by 11 U.S.C. § 362(a), as it was an act to enforce a lien against and obtain possession of property of the estate.

20. As the foreclosure was done in violation of the automatic stay, any purported sale or transfer of the Property is void *ab initio* as a matter of law.

21. Defendants' wrongful conduct has proximately caused significant harm to Plaintiff and his estate. These damages include: the potential loss of approximately $700,000 of equity; severe emotional distress and anxiety to Plaintiff; and emotional distress to his family. If evicted, Plaintiff's 88-year-old, bed-ridden mother would be forced into hospice care, causing extreme and unnecessary trauma. Furthermore, Plaintiff has incurred attorney's fees and costs to commence this adversary proceeding to enforce the automatic stay.

## IV.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**Willful Violation of the Automatic Stay (11 U.S.C. § 362(k))**

22. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 21 of this Complaint.

23. The filing of Plaintiff's Chapter 13 petition on August 25, 2025, created an automatic stay under 11 U.S.C. § 362(a). The stay enjoined all entities from, among other things, any act to obtain possession of or exercise control over property of the estate, and any act to create, perfect, or enforce a lien against property of the estate.

24. At the time they conducted the foreclosure sale on September 4, 2025, Defendants had actual knowledge of Plaintiff's bankruptcy filing and the automatic stay.

25. Defendants' action in conducting the foreclosure sale was an intentional act taken with knowledge of the automatic stay and therefore constitutes a willful violation.

26. Under 11 U.S.C. § 362(k), an individual injured by a willful violation of the stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages.

27. As a direct result of Defendants' willful violation of the automatic stay, Plaintiff has suffered actual damages, including damages for severe emotional distress, and has incurred attorneys' fees and costs. The flagrant nature of Defendants' wanton disregard of Plaintiff's rights warrants an award of punitive damages.

## SECOND CAUSE OF ACTION

### Avoidance of Unauthorized Postpetition Transfer (11 U.S.C. § 549)

28. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 27 of this Complaint.

29. The foreclosure sale of the Property on September 4, 2025, was a transfer of an interest of the Debtor in property.

30. The transfer occurred after the commencement of Plaintiff's bankruptcy case and was therefore a postpetition transfer.

31. The transfer was not authorized by the Bankruptcy Code or by an order of this Court.

32. Under 11 U.S.C. § 549(a), a trustee may avoid an unauthorized postpetition transfer of estate property. Pursuant to 11 U.S.C. §§ 522(h) and 1303, the Debtor may exercise the powers of a trustee. Plaintiff is therefore entitled to a judgment avoiding the foreclosure sale.

## THIRD CAUSE OF ACTION

### Turnover of Property of the Estate (11 U.S.C. § 542)

33. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 32 of this Complaint.

34. Plaintiff's community property interest in the Property is property of the bankruptcy estate under 11 U.S.C. § 541(a)(2).

35. The Defendants, and/or the purchaser at the foreclosure sale, are in possession, custody, or control of the Property, which belongs to the estate.

36. The Property is property that the Debtor may use, sell, or lease under 11 U.S.C. § 363.

37. Under 11 U.S.C. § 542(a), an entity in possession of estate property must deliver it to the Debtor. Plaintiff is therefore entitled to an order compelling Defendants to turn over the Property to the estate.

## FOURTH CAUSE OF ACTION

**Declaratory Relief (28 U.S.C. §§ 2201-2202)**

38. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 37 of this Complaint.

39. An actual controversy exists between Plaintiff and Defendants concerning their respective rights. Plaintiff contends that his community property interest in the Property is protected by the automatic stay and that the foreclosure sale is void. Defendants, by their actions, have asserted a contrary position.

40. A judicial declaration is necessary to determine the parties' respective rights and duties.

41. Plaintiff seeks a judicial declaration that: (a) he possesses a valid community property interest in the Property; (b) this interest is property of the bankruptcy estate under 11 U.S.C. § 541; (c) the automatic stay under 11 U.S.C. § 362(a) was in effect and applied to the Property as of August 25, 2025; and (d) the foreclosure sale conducted on September 4, 2025, is void *ab initio*.

## FIFTH CAUSE OF ACTION

**Injunctive Relief (11 U.S.C. § 105; Fed. R. Bankr. P. 7065)**

42. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 41 of this Complaint.

43. Plaintiff will suffer immediate and irreparable injury unless Defendants are enjoined by the Court. There is a substantial risk that Defendants will attempt to perfect the void foreclosure by recording the Trustee's Deed Upon Sale and will initiate eviction proceedings against Plaintiff and his family.

44. Plaintiff has no adequate remedy at law, as the Property is inherently unique and monetary damages are insufficient to compensate for its loss.

45. Under 11 U.S.C. § 105(a), this Court may issue any order necessary to carry out the provisions of the Bankruptcy Code. Plaintiff is therefore entitled to temporary, preliminary, and permanent injunctive relief enjoining Defendants and their agents from: (a) recording a Trustee's Deed Upon Sale for the Property; (b) initiating or prosecuting any eviction action related to the Property; and (c) taking any other action to enforce the void foreclosure sale or otherwise interfere with Plaintiff's interests in the Property.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the entry of a judgment against Defendants, jointly and severally, as follows:

1. For a declaration that the non-judicial foreclosure sale of the Property conducted on September 4, 2025, is void *ab initio*;
2. For an order avoiding the postpetition transfer of the Property under 11 U.S.C. § 549;
3. For an order compelling the turnover of the Property to the bankruptcy estate under 11 U.S.C. § 542;
4. For an award of actual damages in an amount to be determined at trial, including damages for Plaintiff's severe emotional distress;
5. For an award of reasonable attorney's fees and costs incurred in this action, pursuant to 11 U.S.C. § 362(k);
6. For an award of punitive damages against Defendants;
7. For a declaration that Plaintiff possesses a valid community property interest in the Property and that this interest is property of the bankruptcy estate protected by the automatic stay;
8. For the issuance of a temporary restraining order, a preliminary injunction, and a permanent injunction prohibiting Defendants and their agents from recording any

Trustee's Deed Upon Sale or taking any other action to consummate the foreclosure or interfere with Plaintiff's rights to the Property; and

9. For such other and further relief as the Court deems just and proper.

Respectfully,

NEXUS BANKRUPTCY

Date: September 8, 2025

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Plaintiff