| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DARLENE C VIGIL<br>CA NO. 223442<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>3990 E. CONCOURS STREET, SUITE 350<br>ONTARIO, CA 91764<br>Phone: (626) 371-7000, Fax: (972) 661-7726<br>E-mail: CDCAECF@BDFGROUP.COM<br>FILE NO. 10596260<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br><br>MAJED FAKHOURY,<br><br><br><br><br><br><br><br><br><br><div align=right>Debtor(s).</div> | CASE NO.: 6:25-bk-15967-SY<br><br>CHAPTER: 7<br><hr>**NOTICE OF MOTION AND MOTION<br>FOR RELIEF FROM THE AUTOMATIC<br>STAY UNDER 11 U.S.C. § 362<br>(with supporting declarations)<br>(REAL PROPERTY)**<br><hr>DATE: 11/5/2025<br><br>TIME: 9:30 am<br><br>COURTROOM: 302 |

**MOVANT :** WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101

   ☒ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 1                    **F 4001-1.RFS.RP.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:___10/14/2025___

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
Printed name of law firm (*if applicable*)


DARLENE C. VIGIL
Printed name of individual Movant or attorney for Movant


/s/Darlene C. Vigil
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                      Page 2                          **F 4001-1.RFS.RP.MOTION**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the: \*\*PRIOR TO SEPTEMBER 4, 2025, MOVANT HELD THE FOLLOWING INTEREST:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

   *Street address:* 1243 JACARANDA PLACE
   *Unit/suite no.:*
   *City, state, zip code:* UPLAND, CA 91784

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _1_): 2019-0029406   SAN BERNARDINO COUNTY

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (date) _8/25/2025_.

   b. ☒ An order to convert this case to chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (date) _10/1/2025_

   c. ☐ A plan, if any, was confirmed on (date) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

       (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

       (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

       (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

       (A) ☒ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

       (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

       (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

       (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

       (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

       (F) ☒ Other (*see attached continuation page*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                      Page 3                        **F 4001-1.RFS.RP.MOTION**

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
    which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

  a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

  c. ☒ Other (*specify*): See attached Continuation Page

6. **Evidence in Support of Motion: (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

  a. The REAL PROPERTY DECLARATION on page 6 of this motion.

  b. ☒ Supplemental declaration(s).

  c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

  d. ☒ Other: Movant has incurred attorney fees and costs totaling $1,549.00 to prosecute this relief from stay motion. These legal expenses are recoverable as additional obligations payable under the Note and Deed of Trust. Request for Judicial Notice in Support of Motion filed concurrently herewith.

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*           Page 4           **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)    ☐ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☒ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☒ See attached continuation page for other relief requested.

Date: 10/14/2025_____

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
Printed name of law firm (*if applicable*)

DARLENE C. VIGIL
Printed name of individual Movant or attorney for Movant

/s/Darlene C. Vigil
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 5                    **F 4001-1.RFS.RP.MOTION**

**CONTINUATION TO PAGE 5, PARAGRAPH 14 OF PRAYER FOR RELIEF**

Movant requests the following relief:

14.    The 14-day stay prescribed by FRBP 4001(a)(4) is waived.

# DECLARATION OF THOMAS ABBALLE

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) _____Thomas Abballe_____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant and owner of the Property.

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other (*specify*): I am a/an _____Vice President_____ for ServiceMac, LLC loan servicing agent for Movant

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached*):

3. The Movant is: **PRIOR TO SEPTEMBER 4, 2025, MOVANT HELD THE FOLLOWING INTEREST:**

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit **2**___.

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit **1 & 3**.

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder.
      ☐ Beneficiary.

   d. ☐ Other (*specify*):

4. a. The address of the Property is:

   *Street address:* 1243 JACARANDA PLACE
   *Unit/suite no.:*
   *City, state, zip code:* UPLAND, CA 91784

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

   2019-0029406 SAN BERNARDINO COUNTY

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 6                           **F 4001-1.RFS.RP.MOTION**

5. Type of property (*check all applicable boxes*):

   a. ☒ Debtor's principal residence      b. ☐ Other single family residence

   c. ☐ Multi-unit residential          d. ☐ Commercial

   e. ☐ Industrial                f. ☐ Vacant land

   g. ☐ Other (*specify*):

6. Nature of Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☐ Co-owner(s) (*specify*):

   c. ☐ Lien holder (*specify*):

   d. ☐ Other (*specify*):

   e. ☒ Debtor   ☒ did   ☐ did not list the Property in the schedules filed in this case.

   f. ☐ Debtor acquired the interest in the Property by   ☐ grant deed   ☐ quitclaim deed   ☐ trust deed
      The deed was recorded on (*date*) :_____.

**\*\*PRIOR TO SEPTEMBER 4, 2025, MOVANT HELD THE FOLLOWING INTEREST:**

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit **1** .

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
attached as Exhibit **2** .

   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
trust to Movant is attached as Exhibit **3** .

8. Amount of Movant's claim with respect to the Property: : **\*\*\*On September 4, 2025, Movant foreclosed on its
secured lien obligation.  Movant maintains that no amounts are due and owing as a result.**

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $N/A |
| b. | Accrued interest: | $ | $ | $N/A |
| c. | Late charges | $ | $ | $N/A |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $N/A |
| e. | Advances (property taxes, insurance): | $ | $ | $N/A |
| f. | Less suspense account or partial balance paid: | $[ | $[         ] | $[N/A] |
| g. | TOTAL CLAIM as of (*date*) : N/A | $ | $ | $\*\*\* |

   h. ☐ Loan is all due and payable because it matured on (*date*): _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
has occurred*):

   a. Notice of default recorded on (*date*) 9/24/2024 or ☐ none recorded.

   b. Notice of sale recorded on (*date*) 4/15/2025 or ☐ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) 5/19/2025 or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

   e. Foreclosure sale already held on (*date*) 9/4/2025 or ☐ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                Page 7              **F 4001-1.RFS.RP.MOTION**

10. Attached (*optional*) as Exhibit _is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

   a. Amount of current monthly payment as of the date of this declaration: $____for the month of ____ 20__.

   b. Number of payments that have come due and were not made: _____. Total amount: $_____.

   c. Future payments due by time of anticipated hearing date (*if applicable*):

   An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

   d. The fair market value of the entire Property is $_____, established by:

   (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

   (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

   (3) ☐ A true and correct copy of relevant portion(s) of Debtor's schedules is attached as Exhibit _____.

   (4) ☐ Other (*specify*):

   e. **Calculation of equity/equity cushion in Property:**

   Based upon ☐ preliminary title report  ☐  Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor *(if any)* | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other | | $ | $ |

   **TOTAL DEBT:$**

   f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

   (1) ☐ Preliminary title report

   (2) ☐ Relevant portions of Debtor's schedules as filed in this case

   (3) ☐ Other (*specify*): _____

   g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
   I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

   h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
   By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $____.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                     Page 8                              **F 4001-1.RFS.RP.MOTION**

i.  ☐ Estimated costs of sale: $____ (estimate based upon ____% of estimated gross sales price)

j.  ☐ The fair market value of the Property is declining because:

12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

***On September 4, 2025, Movant foreclosed on its secured lien obligation. Movant maintains that no amounts are due and owing as a result.**

a.  A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
    A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
    A plan was confirmed on the following date (*if applicable*): _____.

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| N/A | | $N/A | $N/A |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit ____.)

c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| N/A | | $N/A | $N/A |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                $
    (*For details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs                                             $
    (*For details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance                        $[                    ]

           TOTAL POSTPETITION DELINQUENCY:                               $N/A

g.  Future payments due by time of anticipated hearing date (*if applicable*): _____.
    An additional payment of $ N/A  will come due on  N/A , and on
    the  N/A  day of each month thereafter. If the payment is not received by the  N/A  day of the month, a late
    charge of $ N/A   will be charged to the loan.

h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
    applied (if applicable):

    $  N/A          received on (date) N/A
    $  N/A          received on (date) N/A
    $  N/A          received on (date) N/A

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                Page 9                        **F 4001-1.RFS.RP.MOTION**

i.  ☐  The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

13. ☐  Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐  The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐  The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐  Movant regained possession of the Property on (*date*)_____, which is  ☐ prepetition ☐ postpetition.

17. ☒  The bankruptcy case was filed in bad faith:

   a. ☒  Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.
   b. ☒  Other bankruptcy cases have been filed in which an interest in the Property was asserted.
   c. ☐  The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.
   d. ☒  Other (*specify*): See attached continuation page.

18. ☒  The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☒  Multiple bankruptcy cases affecting the Property include:

      1. Case name:__Lara Fakhoury_____
         Chapter:_13_____  Case number:__6:22-bk-13036-SY_____
         Date dismissed: 5/10/2023_____  Date discharged: _____  Date filed: 8/12/2022
         Relief from stay regarding the Property ☒ was ☐ was not granted.

      2. Case name:__Lara Fakhoury_____
         Chapter:_13_____  Case number:__6:25-bk-13166-SY_____
         Date dismissed: 7/15/2025_____  Date discharged: _____  Date filed: 5/15/2025___
         Relief from stay regarding the Property ☐ was ☒ was not granted.

      3. Case name:__Lara Fakhoury_____
         Chapter:_13_____  Case number:__6:25-bk-15107-SY_____
         Date dismissed:_____  Date discharged: _____  Date filed: 7/25/2025___
         Relief from stay regarding the Property ☐ was ☒ was not granted.

   ☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

19. ☒  Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐  These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐  Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☒  For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

October __14__ , 2025        Thomas Abballe  - Vice President
*Date*                                                     *Printed name*                                          *Signature*

Wilmington Trust, National Association, not in its individual capacity but solely as trustee of MFRA Trust 2015-2 by Citadel Servicing Corporation, its appointed attorney in fact by ServiceMac, LLC its appointed attorney in fact

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 11                              **F 4001-1.RFS.RP.MOTION**

| In re: | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| | Majed Fakhoury | Debtor CASE NO: 6:25-bk-15967-SY |

### Attachment to Notice of Motion and Motion for Relief from the Automatic Stay with Supporting Declaration

Continued from Page 3, Paragraph 4.a(2)(F), Page 4, Paragraph 4.a(6), Page 10, Paragraph 17.d, Page 18, Paragraph 18 and Page 11, Paragraph 19.c:

Cause exists under 11 U.S.C. § 362(d)(1) to annul the automatic stay retroactive to the petition filing date and to terminate the automatic stay under 11 U.S.C. § 362(d)(4) of the Bankruptcy Code.

#### Non-Filing Borrower Lara Fakhoury's Loan

On January 25, 2019, non-filing borrower Lara Fakhoury ("Borrower") executed a Note ("Note") in the original sum of $780,000.00 in favor of Movant Wilmington Trust, National Association, Not in its Individual Capacity But Solely as Trustee of MFRA Trust 2015-2's ("Wilmington" or "Movant") predecessor in interest, Citadel Servicing Corporation. The Note is secured by a first priority Deed of Trust ("Deed of Trust") against the real property generally known as **1243 JACARANDA PLACE, UPLAND, CA 91784** ("Property"), recorded on January 29, 2019 as Instrument No. 2019-0029406 in the Office of the County Recorder of San Bernardino County, CA. The Deed and Trust was assigned to Movant. *See* **Exhibits 1, 2 and 3**.

The Note identifies one borrower, Lara Fakhoury, and the Deed of Trust identifies Lara Fakhoury, a single woman as the only borrower.

Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") was appointed as Substitute Trustee under said Deed of Trust by a Substitution of Trustee recorded on September 3, 2024, as Instrument No. 2024-0206626 in the Office of the County Recorder of San Bernardino, CA. *See* **Exhibit 6**.

#### Lara Fakhoury's Default

Commencing April 1, 2024, Lara Fakhoury failed to pay as agreed under the Note and Deed of Trust. A non-judicial foreclosure proceeding against the Property was commenced by the recording of a Notice of Default on September 24, 2024. A Notice of Trustee's Sale recorded on April 15, 2025, scheduling the foreclosure sale for May 19, 2025. The sale date was postponed due to multiple bankruptcy filings. *See* **Exhibits 4 and 5**.

#### Multiple Bankruptcy Filings

The current case is the fourth bankruptcy affecting the Property since August 12, 2022 and the third bankruptcy filed to delay the scheduled foreclosure sale set forth as follows:

#### Lara Fakhoury's 2022 Bankruptcy Case

On August 12, 2022, non-filing Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code commencing United States Bankruptcy Court,

Central District of California, Case No. 6:22-bk-13036-SY (the "2022 Case").

On August 12, 2022, Lara Fakhoury filed Schedules A, D and H (Dkt. #1). *See* **Exhibit 7**. Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors. Lara Fakhoury's Schedules do not reflect the Property is community property.

On May 10, 2023 Wilmington's Motion for Relief from the Automatic stay was granted and the 2022 Case dismissed (Dkt. #66). *See* **Exhibit 8.**

### Three Bankruptcies Timed to Delay the Foreclosure Sale

After Wilmington commenced non-judicial foreclosure proceedings against the Property, the following three bankruptcies were filed to delay the foreclosure sale:

1.       The First Case - On May 15, 2025, four days before the scheduled foreclosure sale, Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-13166-SY (the "First Case").

On May 29, 2025, Lara Fakhoury filed Schedules A, D and H (Dkt. #1). *See* **Exhibit 9**. Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors. Lara Fakhoury's Schedules do not reflect the Property is community property.

The First Case dismissed on July 16, 2025 (Dkt. #21). *See* **Exhibit 10**. Due to the filing of the First Case the foreclosure sale was subsequently postponed to July 28, 2025.

2.       The Second Case - On July 25, 2025, three days before the scheduled foreclosure sale, Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned  Case No. 6:25-bk-15107-SY (the "Second Case").

On August 8, 2025, Debtor filed Schedules A, D and H (Dkt. #1). *See* **Exhibit 11.** Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors. Lara Fakhoury's Schedules do not reflect the Property is community property.

On August 20, 2025 Lara Fakhoury's Motion to Continue the Automatic Stay in the Second Case was denied. *See* **Exhibit 12**.

3.       Third/Current Case -    On August 25, 2025, three days before the scheduled foreclosure sale, Debtor Majed Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-15967-SY (the "Current Case"). Debtor's bankruptcy filing was skeletal; no schedules, plan or statement of financial affairs was filed. *See* **Exhibit 13**. Movant is the only creditor listed or scheduled in the Debtor's case commencement documents.

On August 28, 2025, the foreclosure sale was postponed to September 4, 2025 at 12:00 p.m. due to AB2424 as the Property did not sell for the statutory bid minimum.

**Wilmington's September 4, 2025 Foreclosure Sale**

On September 4, 2025, BDFTW as the duly appointed foreclosure trustee conducted a non-judicial foreclosure sale of the Property. The sale was scheduled for 12:00 p.m and cried at 1:24 p.m. (the "Trustee's Sale"). A third-party purchaser submitted the prevailing bid and acquired the Property.

On September 8, 2025 BDFTW and Movant became apprised by way of Majed Fakhoury's Adversary Complaint that he alleged a community property interest in the Property. On September 8, 2025, Majed Fakhoury filed an adversary complaint against Wilmington and BFTW in the United States Bankruptcy Court, Central District of California, Case No. 6:25-ap-01104-SY ("Adversary"). See Exhibit 14. In the Adversary, Majed Fakhoury advised he and Lara Fakhoury were married in 1998 and have been married continuously since. He also alleged he held a community property interest in the Property. *See* **Exhibit 14.**

At no time prior to September 8, 2025 was BDFTW or Movant aware that Majed Fakhoury alleged a community property interest in the Property. And, at no time prior to the September 4, 2025 Trustee Sale did BDFTW or Movant receive any documents or communications advising or reflecting Majed Fakhoury's purported community property interest in the Property.

The Note and Deed of Trust identify only one borrower – Lara Fakhoury. The Deed of Trust identifies only mortgagor – Lara Fakhoury, a single woman. Lara Fakhoury's bankruptcy schedules signed under penalty of perjury and filed in each of her three bankruptcy cases set forth above reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors. Lara Fakhoury's Schedules do not reflect the Property is community property. It is important to note since the filing of Majed Fakhoury's Current Case Lara Fakhoury has not amended her schedules. It appears her position remains the same – she is sole owner of the Property and the Property is not community property. Majed Fakhoury did not object to Lara Fakhoury's characterization of the Property in her bankruptcy cases.

The title records for the Property show:

- Majdey Fakhoury acquired title as a single man on 01/09/98. *See* **Exhibit 15.**
- Majedy Fakhoury, a single man, conveyed title, to Lara Fakhoury, a single woman, on 07/11/07. *See* **Exhibit 16.**
- Lara Fakhoury conveyed title to Ejans Investment and Development Co. on 07/16/10 (no consideration). *See* **Exhibit 17.**
- Ejans Investment and Development Co. conveyed title to Lara Fakhoury on 08/23/11 (no consideration). *See* **Exhibit 18.**
- Lara Fakhoury, a single woman, conveyed title to Majedy Fakhoury, a single man, on 12/05/11 (no consideration). *See* **Exhibit 19.**
- Majedy Fakhoury, a single man, conveyed title to Anwar Fakhouri, a married man, on 12/03/13. *See* **Exhibit 21**
- Anwar's spouse quitclaimed her interest to Anwar Fakhouri on 12/03/13. *See* **Exhibit 20.**
- Anwar Fakhoury, a single man, conveyed title to Lara Fakhoury, a single woman on 01/29/19 (full value deed ). *See* **Exhibit 22.**

The marital status on the deeds appear to contradict Majed Fakhoury's allegation that he and Lara Fakhoury have been married continuously since 1998.

**Request for Retroactive Annulment and In Rem Relief:**

Based on the foregoing, Movant respectfully submits that cause exists to annul the automatic stay retroactively as of the date of the bankruptcy petition filing, so that the bankruptcy filing does not affect the September 4, 2025 Trustee's Sale, which was conducted in good faith, without prior knowledge of Debtor's purported interest in the Property.

Further, Movant submits that cause exists to terminate the automatic stay under §362(d)(4) in that: (1) the Debtor's bankruptcy case filing is being used as part of a scheme, (2) the object of that scheme is to delay, hinder or defraud this Movant. See In re Dorsey, 476 B.R. 261, 265-266 (Bkrtcy.C.D.Cal. 2012).  The scheme involves the filing of multiple bankruptcies timed to delay, impair or otherwise seek to interfere with Movant's ability to move forward with its state law default remedies against the Property.  Based on the foregoing, Movant respectfully requests an order granting relief pursuant to §362(d)(4).

4

SUPPLEMENTAL DECLARATION OF ERICA D. JONES

1
2
3
4
5
6

DDARLENE C. VIGIL
CA NO. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. CONCOURS STREET, SUITE 350
ONTARIO, CA 91764
Phone: (626) 371-7000, Fax: (972) 661-7726
E-mail: cdcaecf@BDFGroup.com
File No. 10596260

7
8
9

Attorneys for Movant
WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS TRUSTEE
OF MFRA TRUST 2015-2

10
11
12

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br>MAJED FAKHOURY<br><br><br><br><br>Debtor(s). | CASE NO.:    6:25-bk-15967-SY<br>CHAPTER:    13<br><br>SUPPLEMENTAL DECLARATION<br>IN SUPPORT OF MOTION FOR<br>ANNULMENT OF THE AUTOMATIC<br>STAY RETROACTIVE TO THE<br>PETITION FILING DATE<br><br>DATE:    November 5, 2025<br>TIME:    9:30 am<br>PLACE:    U.S. Bankruptcy Court<br>      Courtroom 302<br>      3420 Twelfth Street<br>      Riverside, CA 92501 |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, <u>Erica Jones</u>, declare as follows:

1.    I am a Managing Attorney of Foreclosure Operations at Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW"), a law firm that processes non-judicial foreclosure actions for its mortgage loan servicing clients on loans secured by residential properties in California. I have custody and control of business records kept by BDFTW in the ordinary course of its business

1

activities. Those records (which include data compilations, electronically imaged documents and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the ordinary course of business activity conducted regularly by BDFTW. It is the firm's regular practice to make these records.

2.    BDFTW has a foreclosure referral, identified as Trustee's Sale No. 00000010228930 for a loan in the original sum of $780,000.00 obtained by Borrower LARA FAKHOURY (referred to as "Borrower"), and secured by a Deed of Trust recorded on January 29, 2019, as Instrument No. 2019-0029406 in the Office of the County Recorder of San Bernardino County, CA against the real property at **1243 JACARANDA PLACE, UPLAND, CA 91784** ("Property").  A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

3.    The Borrower failed to pay as agreed under the terms of the Note and Deed of Trust. As a result a non-judicial foreclosure proceeding against the Property was commenced.

4.    BDFTW was appointed as Substitute Trustee under said Deed of Trust by a Substitution of Trustee recorded on September 3, 2024, as Instrument No. 2024-0206626 in the Office of the County Recorder of San Bernardino, CA. A true and correct copy of the Substitution of Trustee is attached hereto as **Exhibit "6"** and incorporated herein by this reference.

5.    A Notice of Default recorded on September 24, 2024, as Instrument No. 2024-0228190 in the Office of the County Recorder of San Bernardino, CA.  A true and correct copy of the Notice of Default is attached hereto as **Exhibit "4"** and incorporated herein by this reference.

6.    A Notice of Trustee's Sale recorded on April 15, 2025, as Instrument No. 2025-0081262 in the Office of the County Recorder of San Bernardino, CA, setting a sale for May 19, 2025 at 12:00 p.m.  A true and correct copy of the Notice of Trustee's Sale is attached hereto as **Exhibit "5"** and incorporated herein by this reference.

7.    On May 15, 2025, Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-13166-SY (the "First

Case"). The First Case dismissed on July 16, 2025.  Due to the filing of the First Case the foreclosure sale was subsequently postponed to July 28, 2025.

8.    On July 25, 2025 Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned  Case No. 6:25-bk-15107-SY (the "Second Case").  Due to the filing of the Second Case the foreclosure sale was postponed to August 28, 2025.

9.    On August 20, 2025 Borrower Lara Fakhoury's Motion to Continue the Automatic Stay in the Second Case was denied.

10.    On August 28, 2025, the foreclosure sale was postponed to September 4, 2025 at 12:00 p.m. due to AB2424 as the Property did not sell for the statutory bid minimum.

11.    On August 26, 2025 BDFTW received a telephone call from an anonymous source advising Debtor Majed Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-15967-SY (the "Current Case").  Debtor's bankruptcy filing was skeletal; no schedules, plan or statement of financial affiars was filed.

12.    On September 4, 2025, BDFTW as the duly appointed foreclosure trustee conducted a non-judicial foreclosure sale of the Property.  The sale was scheduled for 12:00 p.m and cried at 1:24 p.m. (the "Trustee's Sale").  A third-party purchaser submitted the prevailing bid and acquired the Property.

13.    On September 8, 2025 BDFTW became apprised by way of Majed Fakhoury's Adversary Complaint that he alleged a community property interest in the Property.

14.    On September 8, 2025, Majed Fakhoury filed an adversary complaint against Wilmington and BDFTW in the United States Bankruptcy Court, Central District of California, Case No. 6:25-ap-01104-SY ("Adversary").  In the Adversary, Majed Fakhoury advised he and Lara Fakhoury were married in 1998 and have been married continuously since.  He also alleged he held a community property interest in the Property.

15.    At no time prior to September 8, 2025 was BDFTW aware that Majed Fakhoury alleged a community property interest in the Property. And, at no time prior to the September 4, 2025 Trustee Sale did BDFTW receive any documents or communications advising or reflecting Majed Fakhoury's alleged community property interest in the Property.

16.    The foreclosure sale was conducted in good faith without knowledge of Majed Fakhoury's purported community property interest in the Property.

17.    I have personal knowledge of the foregoing facts based upon my review of BDFTW's business records, and if called as a witness, I would testify competently thereto.

I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct.

Executed this ___2nd___ day of ___October___, 2025 at Addison, TX.


_____
Printed Name:  ERICA JONES
Title:  Managing Attorney

SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR ANNULMENT OF THE
AUTOMATIC STAY RETROACTIVE TO THE PETITION FILING DATE

1

DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. Concours Street, Suite 350
Ontario, CA 91764
(626) 371-7000 – Phone
(972) 661-7726 – Fax
File No. 10596260
cdcaecf@BDFGroup.com

2

3

4

5

6

7

8    Attorneys for Movant
WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE
OF MFRA TRUST 2015-2

9

10

UNITED STATES BANKRUPTCY COURT

11

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

12

13    In re:

14    MAJED FAKHOURY,

15

16                Debtor.

17

18

19

20

21

CASE NO.:        6:25-bk-15967-SY

CHAPTER:        13

REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION FOR
ANNULMENT OF THE AUTOMATIC
STAY RETROACTIVE TO THE
PETITION FILING DATE

HEARING:

DATE:        November 5, 2025
TIME:        9:30 a.m.
CTRM:        302

22

23

24

25

26

27

28

Pursuant to Federal Rule of Evidence 201, Movant and former Secured Creditor Wilmington

Trust, National Association, Not in its Individual Capacity, but Solely as Trustee of MFRA Trust 2015-2

("Wilmington") hereby requests that the Court take judicial notice of the following exhibits:

1.        On August 12, 2022, non-filing Borrower Lara Fakhoury ("Borrower") filed a voluntary

petition under Chapter 13 of the United States Bankruptcy Code commencing United States Bankruptcy

Court, Central District of California, Case No. 6:22-bk-13036-SY (the "2022 Case").    On August 12,

1
REQUEST FOR JUDICIAL NOTICE

2022, Lara Fakhoury filed Schedules A, D and H (Dkt. #1), true and correct copies of which are attached collectively hereto as **Exhibit 7** and incorporated herein by reference.

2.    Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the real property located at 1243 Jacaranda Place, Upland, CA 91784 ("Property"), sole obligor on the mortgage and she has no co-debtors.

3.    On May 10, 2023 Wilmington's Motion for Relief from the Automatic stay was granted and the 2022 Case dismissed (Dkt. #66).  True and correct copies of the Order Granting Wilmington Relief from the Automatic Stay entered on May 18, 2023 (Dkt. #69) and Order and Notice of Dismissal Arising from Motion to Dismiss Chapter 13 (11 U.S.C. § 1307) filed on May 10, 2023 (Dkt. #66) are attached collectively hereto as **Exhibit 8** and incorporated herein by reference.

4.    After Wilmington commenced non-judicial foreclosure proceedings against the Property, three bankruptcies were filed to delay the foreclosure sale.

i.    The First Case - On May 15, 2025, Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-13166-SY (the "First Case").  On May 29, 2025, Lara Fakhoury filed Schedules A, D and H (Dkt. #1), true and correct copies of which are attached collectively hereto as **Exhibit 9** and incorporated herein by reference.

Lara Fakhoury's Schedules A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors.

The First Case dismissed on July 16, 2025 (Dkt. #21), a true and correct copy of the Order and Notice of Dismissal Arising from Chapter 13 Confirmation Hearing is attached hereto as **Exhibit 10** and incorporated herein by reference.

ii.    The Second Case - On July 25, 2025 Borrower Lara Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned  Case No. 6:25-bk-15107-SY (the "Second Case").  On August 8, 2025, Lara Fakhoury filed Schedules A, D and H (Dkt. #1), true and correct copies of which are attached collectively hereto as **Exhibit 11** and incorporated herein by reference.

Lara Fakhoury's Schedule A, D and H reflect she is the sole owner of the Property, sole obligor on the mortgage and she has no co-debtors.

On August 20, 2025 Borrower Lara Fakhoury's Motion to Continue the Automatic Stay in the Second Case was denied.   A true and correct copy of the Order Denying Debtor's Motion for Order Continuing the Automatic Stay filed and entered on August 28, 2025 (Dkt. #26) is attached hereto as **Exhibit 12** and incorporated herein by reference.

iii.    <u>Third/ Current Case</u> -   On August 25, 2025, Debtor Majed Fakhoury filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and was assigned Case No. 6:25-bk-15967-SY (the "Current Case").  Debtor's bankruptcy filing was skeletal; no schedules, plan or statement of financial affairs was filed, a copy of which is attached hereto as **Exhibit 13** and incorporated herein by reference.

On September 8, 2025, Majed Fakhoury filed an adversary complaint against Wilmington and BFTW in the United States Bankruptcy Court, Central District of California, Case No. 6:25-ap-01104-SY ("Adversary").  In the Adversary, Majed Fakhoury advised he and Lara Fakhoury were married in 1998 and have been married continuously since.  He also alleged he held a community property interest in the Property.  A true and correct copy of the Adversary Complaint is attached hereto as **Exhibit 14** and incorporated herein by reference.

<u>TITLE DOCUMENTS</u>

5.    Grant Deed executed by Gregory D. Bunch and Piedad M. Bunch transferring the Property to  Majdey Fakhoury, a single man, recorded on January 9, 1998 as Document No. 19980008353 in the Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 15** and incorporated herein by reference.

6.    Grant Deed executed by Majedy Fakhoury, a single man transferring the Property to Lara Fakhoury, a single woman, recorded on July 11, 2007 as Document No. 2007-0409678 in the Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 16** and incorporated herein by reference.

7.    Grant Deed executed by Lara Fakhoury transferring the Property to Ejans Investment

and Development Co. recorded on July 16, 2010 as Document No. 2010-0287157 in the Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 17** and incorporated herein by reference.

        8.      Quitclaim Deed executed by Ejans Investment and Development Co. transferring the Property to Lara Fakhoury recorded on August 23, 2011, as Document No. 2011-0355721 in the Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 18** and incorporated herein by reference.

        9.      Grant Deed executed by Lara Fakhoury, a single woman, transferring the Property to Majedy Fakhoury, a single man, subject to Chase Bank and EJANS Investment Development, recorded on December 5, 2011 as Document No. 2011-0513587, Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 19** and incorporated herein by reference.

       10.     Interspousal Transfer Deed executed by Abeer Fakhouri transferring the Property to Anwar Fakhouri, a married man as his sole and separate property, recorded on December 3, 2013 as Document No. 2013-0519586, Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 20** and incorporated herein by reference.

       11.     Grant Deed executed by Majedy Fakhoury, a single man, transferring the Property to Anwar Fakhouri, a married man as his sole and separate property, recorded on December 3, 2013 as Document No. 2013-0519587, Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 21** and incorporated herein by reference.

       12.     Grant Deed executed by Anwar Fakhoury, a single man, transferring the Property to Lara Fakhoury, a single woman, recorded on January 29, 2019 as Document No. 2019-0029405, Official Records of San Bernardino County, California, a copy of which is attached hereto as **Exhibit 22** and incorporated herein by reference.

REQUEST FOR JUDICIAL NOTICE

1

2

Dated:  October 1, 2025

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

By:    /s/ Darlene C. Vigil_____
DARLENE C. VIGIL
Attorneys for Movant
WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE
OF MFRA TRUST 2015-2

REQUEST FOR JUDICIAL NOTICE

EXHIBIT 1

RECORDING REQUESTED BY
**FIRST AMERICAN TITLE**
AND WHEN RECORDED MAIL DOCUMENT TO:

NAME **CITADEL SERVICING CORP**

STREET ADDRESS **15707 ROCKFIELD BLVD 320**

CITY, STATE & ZIP CODE **IRVINE, CA 92618**

Electronically Recorded in Official Records, County of San Bernardino

1/29/2019 02:47 PM CG

**BOB DUTTON**
ASSESSOR - RECORDER - CLERK
**691  Document Processing Solutions**

Doc# **2019-0029406**

| | | |
|---|---|---|
| Titles 1 | Pages 21 | |
| Fees | | 74.00 |
| Taxes | | .00 |
| CA SB2 Fee | | .00 |
| Others | | .00 |
| Paid | | 74.00 |

SPACE ABOVE FOR RECORDER'S USE ONLY

## DEED OF TRUST

**Title of Document**

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

Reason for Exemption:

■ Exempt from fee per GC 27388.1, recorded in connection with a transfer subject to the imposition of documentary transfer tax (DTT), or *Concurrently with here*

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier, or

☐ Exempt from fee per GC 27388.1, recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____ (date) as document number _____ of Official Records. (Cap. $225.00)

Exempt from fee per GC 27388.1, fee cap of $225.00 reached, and/or

Exempt from fee per GC 27388.1, not related to real property

**Failure to include an exemption reason will result in the imposition of the $75.00 Building Homes and Jobs Act fee. Fees collected are deposited to the State and may not be available for refund.**

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

**EXHIBIT 1**

Recording Requested By:
CITADEL SERVICING CORPORATION

And After Recording Return To:
CITADEL SERVICING
CORPORATION
15707 ROCKFIELD BLVD., SUITE 320
IRVINE, CALIFORNIA 92618
Loan Number: ███████

5829977 _____ [Space Above This Line For Recording Data] _____

# DEED OF TRUST

**MIN:** ██████████████                                     **MERS Phone: 888-679-6377**

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** **"Security Instrument"** means this document, which is dated          JANUARY 25, 2019          , together with all Riders to this document.
**(B)** **"Borrower"** is Lara Pakhoury, A Single Woman
BORROWER'S ADDRESS IS 1243 Jacaranda Place, Upland, California 91784.

Borrower is the trustor under this Security Instrument.
**(C)** **"Lender"** is CITADEL SERVICING CORPORATION

Lender is a                    CORPORATION                        organized
and existing under the laws of                    CALIFORNIA
Lender's address is  15707 ROCKFIELD BLVD., SUITE 320, IRVINE, CALIFORNIA 92618

**(D)** **"Trustee"** is  First American Title Insurance Company
1 First American Way, Santa Ana, California 92707

**(E)** **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security**

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          *DocMagic eⁱⁱⁱⁱⁱⁱ*
Form 3005  01/01                              Page 1 of 15                              *www.docmagic.com*

## EXHIBIT 1

**Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(F)** **"Note"** means the promissory note signed by Borrower and dated JANUARY 25, 2019
The Note states that Borrower owes Lender SEVEN HUNDRED EIGHTY THOUSAND AND 00/100
Dollars (U.S. $ 780,000.00                 ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
FEBRUARY 1, 2049.

**(G)** **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(H)** **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(I)** **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☒ Adjustable Rate Rider ☐ Planned Unit Development Rider
☐ Balloon Rider ☐ Biweekly Payment Rider
☐ 1-4 Family Rider ☐ Second Home Rider
☐ Condominium Rider ☐ Other(s) [specify]

**(J)** **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K)** **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L)** **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M)** **"Escrow Items"** means those items that are described in Section 3.

**(N)** **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O)** **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P)** **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q)** **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R)** **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS    *DocMagic ℰForms*
Form 3005  01/01                          Page 2 of 15                          *www.docmagic.com*



**EXHIBIT 1**

**TRANSFER OF RIGHTS IN THE PROPERTY**

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY                          of                     San Bernardino                    :
[Type of Recording Jurisdiction]                              [Name of Recording Jurisdiction]
Legal Description Attached Hereto and Made a Part Hereof
A.P.N.: 1005-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                                *see Exhibit A*

which currently has the address of                 1243 Jacaranda Place
                                                              [Street]

            Upland                        , California    91784      ("Property Address"):
            [City]                                        [Zip Code]

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

    **UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:
    1.  **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check,

---

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          *DocMagic* ℰℱℴᵣₘₛ
Form 3005  01/01                              Page 3 of 15                              www.docmagic.com

Order: 240446412                          Page 4 of 21          Requested By: veronica.martinez, Printed: 8/12/2024 11:49 AM
Doc: SB:2019 00029406

**EXHIBIT 1**

treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

    **2.    Application of Payments or Proceeds.**  Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

    If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

    Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

    **3.    Funds for Escrow Items.**  Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                                    Page 4 of 15                         *DocMagic* *eForms*
                                                                                         www.docmagic.com



**EXHIBIT 1**

15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of

---

DocMagic *eForms*
www.docmagic.com



**EXHIBIT 1**

any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

---

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                          Page 6 of 15                          *DocMagic eForms*
                                                                               *www.docmagic.com*



EXHIBIT 1

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                              Page 7 of 15                       *DocMagic* **eForms**
                                                                                 www.docmagic.com



**EXHIBIT 1**

Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.



EXHIBIT 1

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability

---

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                           Page 9 of 15                    DocMagic eForms
                                                                          www.docmagic.com



**EXHIBIT 1**

under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then:  (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower.  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note).  Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.  Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.  The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.  Borrower shall promptly notify Lender of Borrower's change of address.  If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure.  There may be only one designated notice address under this Security Instrument at any one time.  Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower.  Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.**  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law.  Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract.  In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument:  (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

---

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                         Page 10 of 15

DocMagic *eFormss*
www.docmagic.com



**EXHIBIT 1**

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                                        Page 11 of 15                            DocMagic *eForms*
                                                                                                www.docmagic.com



EXHIBIT 1

Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**



EXHIBIT 1

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

EXHIBIT 1

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to Borrower at the address set forth above.

_____ (Seal)
Lara Fakhoury                -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

Witness:                     Witness:

_____    _____

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01                    Page 14 of 15                    *DocMagic eForms*
                                                                     www.docmagic.com

**EXHIBIT 1**

——————————————— [Space Below This Line For Acknowledgment] ———————————————

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |

State of _CALIFORNIA_____ )

County of _San Bernardino_____ )

On _1/25/2019___ before me, _Carlos M. Casillas, Notary Public___
         Date                        Here Insert Name and Title of the Notarizing Officer

personally appeared _Lara Fakhoury____

                                Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

| CARLOS M. CASILLAS |
| COMM. #2097733 |
| Notary Public · California |
| San Bernardino County |
| My Comm. Expires Feb. 18, 2019 |

                Signature of Notary Public

        Notary Seal

Loan Originator: Cesar Restrepo, NMLSR ID ██████
Loan Originator Organization: Diamond Financial Mortgage Corporation, NMLSR ID ██████

CALIFORNIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005  01/01
Page 15 of 15

DocMagic *eForms*
www.docmagic.com

EXHIBIT 1

Loan Number: ███████

# FIXED/ADJUSTABLE RATE RIDER
### (One-Year Treasury Index - Rate Caps)

THIS FIXED/ADJUSTABLE RATE RIDER is made this   25th day of   JANUARY   ,
2019   , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to   CITADEL SERVICING CORPORATION, A CORPORATION
("Lender") of the same date and covering the property described in the Security Instrument and located at:

1243 Jacaranda Place, Upland, California 91784
[Property Address]

**THE NOTE PROVIDES FOR A CHANGE IN BORROWER'S FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE.  THE NOTE LIMITS THE AMOUNT BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MINIMUM AND MAXIMUM RATES BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.**  In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

## A.   ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial fixed interest rate of   5.125 %.  The Note also provides for a change in the initial fixed rate to an adjustable interest rate, as follows:

## 4.   ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES
**(A)  Change Dates**
The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of   FEBRUARY, 2024   , and the adjustable interest rate I will pay may change on that day every 12th month thereafter.  The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."
**(B)  The Index**
Beginning with the first Change Date, my adjustable interest rate will be based on an Index.  The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board.  The most recent Index value available as of the date 45 days before each Change Date is called the "Current Index," provided that if the Current Index is less than zero, then the Current Index will be deemed to be zero for purposes of calculating my interest rate.
If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information.  The Note Holder will give me notice of this choice.
**(C)  Calculation of Changes**
Before each Change Date, the Note Holder will calculate my new interest rate by adding THREE AND 500/1000   percentage points (   3.500 %)

MULTISTATE FIXED/ADJUSTABLE RATE RIDER
ONE-YEAR TREASURY INDEX - Single Family
Fannie Mae MODIFIED INSTRUMENT
Form 3182 1/01 (rev. 6/16)                    Page 1 of 4

DocMagic *eForms*
www.docmagic.com



## EXHIBIT 1

(the "Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D)  Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 7.125 % or less than      5.125 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months.  My interest rate will never be greater than 11.125 % or less than      5.125 %.

**(E)  Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F)  Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change.  The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B.    TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1.    Until Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument shall read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.**  As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender

MULTISTATE FIXED/ADJUSTABLE RATE RIDER
ONE-YEAR TREASURY INDEX - Single Family
Fannie Mae MODIFIED INSTRUMENT
Form 3182 1/01 (rev. 6/16)                           Page 2 of 4

*DocMagic eForms*
*www.docmagic.com*



**EXHIBIT 1**

may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2.    When Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument described in Section B1 above shall then cease to be in effect, and the provisions of Uniform Covenant 18 of the Security Instrument shall be amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

MULTISTATE FIXED/ADJUSTABLE RATE RIDER
ONE-YEAR TREASURY INDEX - Single Family
Fannie Mae MODIFIED INSTRUMENT
Form 3182 1/01 (rev. 6/16)                    Page 3 of 4

*DocMagic eForms*
*www.docmagic.com*



**EXHIBIT 1**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_____ (Seal)          _____ (Seal)
Lara Fakhoury            -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                -Borrower

MULTISTATE FIXED/ADJUSTABLE RATE RIDER
ONE-YEAR TREASURY INDEX - Single Family                          DocMagic eForms
Fannie Mae MODIFIED INSTRUMENT                                   www.docmagic.com
Form 3182 1/01 (rev. 6/16)          Page 4 of 4

**EXHIBIT 1**

Exhibit "A"

**LEGAL DESCRIPTION**

Real property in the City of Upland, County of San Bernardino, State of California, described as follows:

LOT 13, TRACT NO. 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, STATE OF
CALIFORNIA, AS PER PLAT RECORDED IN BOOK 208 OF MAPS, PAGE(S) 58 TO 60, INCLUSIVE,
RECORDS OF SAID COUNTY.

APN: 1005-091-24-0-000

**EXHIBIT 1**

# EXHIBIT 2

Certified True and Correct Copy
by Citadel Servicing Corp.

MIN: ███████████    Loan Number: ███████

# FIXED/ADJUSTABLE RATE NOTE
### (One-Year Treasury Index - Rate Caps)

**THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MINIMUM AND MAXIMUM RATES I MUST PAY.**

JANUARY 25, 2019                    IRVINE                    CALIFORNIA
    [Date]                          [City]                          [State]

1243 Jacaranda Place, Upland, California 91784
[Property Address]

## 1.    BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 780,000.00          (this amount is called "Principal"), plus interest, to the order of Lender. Lender is CITADEL SERVICING CORPORATION, A CORPORATION
I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.    INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      5.125  %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3.    PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the  1st    day of each month beginning on MARCH 1                 , 2019 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  FEBRUARY 1, 2049           , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 15707 ROCKFIELD BLVD., SUITE 320, IRVINE, CALIFORNIA 92618
    or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ 4,247.00           . This amount may change.

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - ONE-YEAR TREASURY INDEX
Single Family - Fannie Mae MODIFIED INSTRUMENT
Form 3522 1/01 (rev. 6/16)                    Page 1 of 5

DocMagic *eForms*
www.docmagic.com

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

By: *Grace La Terra*

**EXHIBIT 2**

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4.    ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The initial fixed interest rate I will pay will change to an adjustable interest rate on the    1st    day of FEBRUARY, 2024    , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. The most recent Index value available as of the date 45 days before each Change Date is called the "Current Index," provided that if the Current Index is less than zero, then the Current Index will be deemed to be zero for purposes of calculating my interest rate.

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding THREE AND 500/1000    percentage points (    3.500 %) (the "Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than    7.125 % or less than    5.125 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than    TWO AND 000/1000    percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 11.125    % or less than    5.125 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5.    BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - ONE-YEAR TREASURY INDEX
Single Family - Fannie Mae MODIFIED INSTRUMENT
Form 3522 1/01 (rev. 6/16)                    Page 2 of 5

DocMagic *eForms*
www.docmagic.com

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

By: _____

**EXHIBIT 2**

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7.   BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of   15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations,

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - ONE-YEAR TREASURY INDEX
Single Family - Fannie Mae MODIFIED INSTRUMENT
Form 3522 1/01 (rev. 6/16)                Page 3 of 5

DocMagic *eForms*
www.docmagic.com

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

By: _Grace La Terra_

**EXHIBIT 2**

including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

(A) Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument shall read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B) When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Uniform Covenant 18 of the Security Instrument shall instead read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - ONE-YEAR TREASURY INDEX
Single Family - Fannie Mae MODIFIED INSTRUMENT
Form 3522 1/01 (rev. 6/16)                         Page 4 of 5

*DocMagic eForms*
*www.docmagic.com*

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

By: _Grace La Terra_

## EXHIBIT 2

Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.


_____ (Seal)          _____ (Seal)
Dara Fakhoury                    -Borrower                                        -Borrower


_____ (Seal)          _____ (Seal)
                                 -Borrower                                        -Borrower


_____ (Seal)          _____ (Seal)
                                 -Borrower                                        -Borrower


Loan Originator: Cesar Restrepo, NMLSR ID ▮▮▮▮▮          *[Sign Original Only]*
Loan Originator Organization: Diamond Financial Mortgage Corporation, NMLSR ID
▮▮▮▮▮

MULTISTATE FIXED/ADJUSTABLE RATE NOTE - ONE-YEAR TREASURY INDEX
Single Family - Fannie Mae MODIFIED INSTRUMENT                    DocMagic *eForms*
Form 3522 1/01 (rev. 6/16)              Page 5 of 5                www.docmagic.com

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL

By: _____

**EXHIBIT 2**



# ALLONGE TO THE NOTE

## PAY TO THE ORDER OF

## WITHOUT RECOURSE

Citadel Servicing Corporation DBA Acra Lending

By:_____

Roberto Umanzor

Assistant Vice President, Manager Post Closing

Loan Number:      ███████

Borrower(s):    Lara Fakhoury

Property Address:      1243 Jacaranda Place, Upland, CA 91784

**EXHIBIT 2**

EXHIBIT 3

RECORDING REQUESTED BY: SIMPLIFILE

WHEN RECORDED MAIL TO:
FIRST AMERICAN MORTGAGE SOLUTIONS
1795 INTERNATIONAL WAY
IDAHO FALLS, ID 83402
PH. 208-528-9895
**CALIFORNIA**
COUNTY OF SAN BERNARDINO
LOAN NO. ████████



Electronically
Recorded in Official Records
San Bernardino County
Bob Dutton
Assessor-Recorder-County Clerk

**DOC# 2022-0058280**

| | |
|---|---|
| 02/11/2022 | Titles: 1   Pages: 1 |
| 02:52 PM | |
| SAN | Fees        $24.00 |
| | Taxes       $0.00 |
| C6677 | CA SB2 Fee  $75.00 |
| | Total       $99.00 |

# CORPORATION ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS,** located at **P.O. BOX 2026, FLINT, MICHIGAN 48501-2026,** Assignor, does hereby assign to **WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2,** located at **25531 COMMERCENTRE DRIVE, SUITE 160, LAKE FOREST, CA 92630,** Assignee, its successors and assigns, all its rights, title and interest in and to that certain Deed of Trust dated JANUARY 25, 2019, executed by **LARA FAKHOURY, A SINGLE WOMAN,** Trustor, to **FIRST AMERICAN TITLE INSURANCE COMPANY,** Trustee, for the benefit of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS,** Original Beneficiary, and recorded on **JANUARY 29, 2019** as Instrument No. **2019-0029406** in the official records of the County Recorder's Office in and for the County of **SAN BERNARDINO,** State of **CALIFORNIA.**

LEGAL DESCRIPTION: **AS DESCRIBED IN SAID DEED OF TRUST REFERRED TO HEREIN**
COMMONLY KNOWN AS: **1243 JACARANDA PLACE, UPLAND, CA 91784**
TOGETHER WITH all rights accrued or to accrue under said Deed of Trust.
IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed on **FEBRUARY 11, 2022.**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS**

**AMY COLVIN, VICE PRESIDENT**

STATE OF **IDAHO**          COUNTY OF **BONNEVILLE**     ) ss.
On **FEBRUARY 11, 2022,** before me, **JESSICA PHILLIPS,** personally appeared **AMY COLVIN** known to me to be the **VICE PRESIDENT** of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS** the corporation that executed the instrument or the person who executed the instrument on behalf of said corporation, and acknowledged to me that such corporation executed the same.

**JESSICA PHILLIPS (COMMISSION EXP. 05/05/2026)**
NOTARY PUBLIC

JESSICA PHILLIPS
Notary Public - State of Idaho
Commission Number 20201276
My Commission Expires May 5, 2026

Page 1 of 1

MERS PHONE: 1-888-679-6377

**EXHIBIT 3**

EXHIBIT 4

Recording requested by:
ServiceLink

When Recorded Mail To:
**BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP**
**4004 Belt Line Road, Suite 100**
**Addison, Texas 75001-4320**

APN #: 1005-091-24-0-000
Property Address:
**1243 JACARANDA PLACE**
**UPLAND, CALIFORNIA 91784**

DFF00000010228930



Electronically
Recorded in Official Records
San Bernardino County

Assessor-Recorder-County Clerk

## DOC# 2024-0228190

| | | | |
|---|---|---|---|
| 09/24/2024 | | Titles: 1 | Pages: 4 |
| 04:03 PM | | | |
| SAN | Fees | | $35.00 |
| | Taxes | | $0.00 |
| J9545 | CA SB2 Fee | | $75.00 |
| | Total | | $110.00 |

Space above this line for Recorder's use only

Trustee Sale No. :  **00000010228930**     Title Order No.: **240446412**

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

**ATTENTION RECORDER**: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
**注：本文件包含一个信息摘要**
**참고사항: 본 첨부 문서에 정보 요약서가 있습니다**
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**
**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**
**LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY**

**THE ABOVE STATEMENT IS MADE PURSUANT TO CA CIVIL CODE §§2923.3(c)(1)and(2).**

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is **$34,923.57 as of 09/20/2024** and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order

**EXHIBIT 4**

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

Trustee Sale No. : 00000010228930          Title Order No.: 240446412

to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

<div align="center">

SERVICEMAC LLC
c/o BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
4004 Belt Line Road, Suite 100
Addison, Texas 75001-4320
(866) 795-1852

</div>

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.
Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

EXHIBIT 4

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER  DEED OF TRUST**

Trustee Sale No. :  00000010228930          Title Order No.:  240446412

NOTICE IS HEREBY GIVEN THAT: BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 01/25/2019, executed by LARA FAKHOURY, A SINGLE WOMAN, as Trustor, to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS, as Beneficiary Recorded on 01/29/2019 as Instrument No. 2019-0029406 of official records in the Office of the Recorder of SAN BERNARDINO County, California, as more fully described on said Deed of Trust.   Including a Note(s)/ Unconditional Guaranty which had a principal amount of $780,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 4/1/2024 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES, IF ANY.

NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

That by reason thereof, the present beneficiary under said Deed of Trust and/or its loan servicer hereby declare(s) all obligations secured thereby immediately due and payable, invoke(s) the power of sale under said Deed of Trust, and elect(s) to sell the property described therein in satisfaction of those obligations without prejudice to any other default remedies permitted by applicable law.

DATED: 09/20/2024          *SEE EXHIBIT "A"*

BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP as Trustee or agent for beneficiary

By: _____
    Robyn Sanford, Authorized Agent

**EXHIBIT 4**

*EXHIBIT A*

# DECLARATION OF COMPLIANCE
### (California Civil Code Section 2923.55(c))

Borrower(s):      LARA FAKHOURY, A SINGLE WOMAN
Property Address:   1243 JACARANDA PLACE, UPLAND, CA 91784
Trustee's Sale No.:  00000010228930

The undersigned, as authorized agent or employee of the mortgage servicer, declares as follows:

### Homeowner Bill of Rights Pre-Foreclosure Contact (California Civil Code Section 2923.55)

☐    The mortgage servicer has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code Section 2923.55(b)(2). Thirty days or more have passed since the initial contact was made.

☑    The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code Section 2923.55(f), but has not made contact despite such due diligence. Thirty days or more have passed since these due diligence efforts were satisfied.

☐    No contact was required because ☐ the individual did not meet the definition of a "borrower" under California Civil Code Section 2920.5(c).

☐    California Civil Code Section 2923.55 does not apply because the loan is not secured by a first lien mortgage or deed of trust on residential real property that meets the criteria in California Civil Code Section 2924.15(a)(1) ("owner-occupied") or Section 2924.15(a)(2) ("occupied by tenant").

### COVID-19 Forbearance Relief (California Civil Code Section 3273.10)

☐    The mortgage servicer is exempt from the requirements of California Civil Code Section 3273.10. The borrower's loan is a federally-backed mortgage, and the mortgage servicer has complied with the forbearance provisions in Section 4022 of the federal Coronavirus Aid, Relief and Economic Security Act ("the CARES Act").

☐    The mortgage servicer is exempt from the requirements of California Civil Code Section 3273.10. The borrower's loan is not a federally-backed mortgage, but the mortgage servicer provides forbearance consistent with the requirements of the CARES Act for federally-backed mortgages.

☑    The mortgage servicer ☐ approved ☑ denied ☐ did not receive a forbearance request made during the effective time period that satisfied the conditions of California Civil Code Section 3273.10(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Wilmington Trust, National Association, not in its individual
capacity but solely as trustee of MFRA Trust 2015-2
by Citadel Servicing Corporation, its appointed Attorney in
fact by ServiceMac, LLC. its appointed Attorney In fact

Dated: September 12, 2024      By: *Kathleen Sovic*

**NAME:** Kathleen Sovic
**TITLE:** VP, Late Stage Default

Large Servicer Compliance Declaration (AB 3088 revised 11/13/2020)

# EXHIBIT 4

EXHIBIT 5

Recording requested by:
**ServiceLink**

When Recorded Mail To:
**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**
**4004 Belt Line Road, Suite 100**
**Addison, Texas 75001-4320**
**(866) 795-1852**

APN #: 1005-091-24-0-000
Property Address:
**1243 JACARANDA PLACE**
**UPLAND, CALIFORNIA 91784**



Electronically
Recorded In Official Records
San Bernardino County

Assessor-Recorder-County Clerk

## DOC# 2025-0081262

| 04/15/2025 12:28 PM | Titles: 1 | Pages: 3 |
| SAN | | |
| | Fees | $32.00 |
| | Taxes | $0.00 |
| J9534 | CA SB2 Fee | $75.00 |
| | Total | $107.00 |

Space above this line for Recorder's use only

Trustee Sale No. : 00000010228930      Title Order No.: 240446412      FHA/VA/PMI No.:

## NOTICE OF TRUSTEE'S SALE

**ATTENTION RECORDER:** THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
**NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO**
**TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP**
**LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY**

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 01/25/2019. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP,** as duly appointed Trustee under and pursuant to Deed of Trust **Recorded on 01/29/2019 as Instrument No. 2019-0029406** of official records in the office of the County Recorder of **SAN BERNARDINO** County, State of CALIFORNIA.
**EXECUTED BY:     LARA FAKHOURY, A SINGLE WOMAN,**
WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by California Civil Code 2924h(b), (payable at time of sale in lawful money of the United States).
**DATE OF SALE:**     05/19/2025     **TIME OF SALE:**     **12:00 PM**
**PLACE OF SALE:**     **AT THE NORTH ARROWHEAD AVENUE ENTRANCE TO THE COUNTY COURTHOUSE, 351 NORTH ARROWHEAD AVENUE, SAN BERNARDINO, CA 92401.**

FCUS_NoticeOfTrusteeSale.rpt - Record - 10/28/2021 - Ver-43

Page 1 of 3

## EXHIBIT 5

| Trustee Sale No. : **00000010228930** | Title Order No.: **240446412** | FHA/VA/PMI No.: |
|---|---|---|

**STREET ADDRESS** and other common designation, if any, of the real property described above is purported to be:

**1243 JACARANDA PLACE, UPLAND, CALIFORNIA 91784**

**APN#:**      **1005-091-24-0-000**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$803,402.29**. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 833-561-0243 for information regarding the trustee's sale or visit this Internet Web site WWW.SALES.BDFGROUP.COM for information regarding the sale of this property, using the file number assigned to this case 00000010228930. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

**EXHIBIT 5**

| Trustee Sale No. : 00000010228930 | Title Order No.: 240446412 | FHA/VA/PMI No.: |
|---|---|---|

**NOTICE TO TENANT:**   You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code.   If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction.   If you are an "eligible bidder", you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction.   There are three steps to exercising this right of purchase.   First, 48 hours after the date of the trustee sale, you can call 833-561-0243, or visit this internet website WWW.SALES.BDFGROUP.COM using the file number assigned to this case 00000010228930 to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee.   Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale.   Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale.   If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

FOR TRUSTEE SALE INFORMATION PLEASE CALL:
**833-561-0243**
**WWW.SALES.BDFGROUP.COM**

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP as Trustee**
3990 E. Concours Street, Suite 350
Ontario, CA 91764
(866) 795-1852

_____   Dated: **04/14/2025**
BY/ Benjamin Kelley, AUTHORIZED AGENT

**EXHIBIT 5**

EXHIBIT 6

Recording Requested By:
**SERVICELINK**

When Recorded Mail To:
**Barrett Daffin Frappier Treder & Weiss, LLP**
**4004 Belt Line Road, Suite 100**
**Addison, Texas 75001-4320**

Property Address:
**1243 JACARANDA PLACE**
**UPLAND, CA  91784**
APN #: **1005-091-24-0-000**


Electronically
Recorded in Official Records
San Bernardino County

Assessor-Recorder-County Clerk

## DOC# 2024-0206626

| 09/03/2024 12:54 PM SAN | Titles: 1   Pages: 1 | |
| --- | --- | --- |
| | Fees | $26.00 |
| | Taxes | $0.00 |
| C5032 | CA SB2 Fee | $75.00 |
| | Total | $101.00 |

Space above this line for Recorder's use only

Trustee Sale No. : 00000010228930      Title Order No. : 240446412

# SUBSTITUTION OF TRUSTEE

WHEREAS, **LARA FAKHOURY, A SINGLE WOMAN** was the original Trustor, **FIRST AMERICAN TITLE INSURANCE COMPANY** was the original Trustee, and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS BENEFICIARY, AS NOMINEE FOR CITADEL SERVICING CORPORATION, ITS SUCCESSORS AND ASSIGNS** was the original Beneficiary under that certain Deed of Trust dated **January 25, 2019** and **Recorded on January 29, 2019 as Instrument No. 2019-0029406** of official records of **SAN BERNARDINO** county, state of **California**, as more fully described on said Deed of Trust; and WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said prior Trustee.

NOW, THEREFORE, the undersigned hereby substitutes, **BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP,** whose address is: **4004 Belt Line Road, Suite 100, Addison, Texas 75001-4320** as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-2 by Citadel Servicing Corporation, its appointed Attorney in fact by ServiceMac, LLC, its appointed Attorney In Fact

DATED:      August 29, 2024

NAME: Lawrence Brown
TITLE: Default Administration Manager II

STATE OF      South Carolina

CITY OF      Lancaster

On _Aug 29, 2024_ before me, _Cleopatra S Allen_, notary public, personally appeared _Lawrence Brown, Default Administration Manager II_, who proved to me on the basis of satisfactory evidence (identified by state DL) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _Cleopatra S Allen_      (Seal)

CLEOPATRA S ALLEN
NOTARY PUBLIC
My Comm. Exp.
Mar 16, 2026
SOUTH CAROLINA

Page 1 of 1

Property Address:
1243 JACARANDA PLACE
UPLAND, CA  91784

# EXHIBIT 6

EXHIBIT 7

t is  fo   atio  to identify your case

r 1    LARA                          FAKH

Debtor 2
(Sp   e,   ing)

First Name          Middle Name          Last Name

ruptcy

Case num   r
(     n)

☐ Check if this is
amended filing

Offici   Form 106A/B

# Schedule A/B: Property                                    2/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
e y                          r (        n)          ry q

**1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

☑     e prop  rty

1.1    1243 JACARANDA PL
       s,      le,        rip

       UPL              CA
       ity

       S N
       County

at is the property?          apply

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this   m,
such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D Creditors Who Have Claims Secured by Property.*

Current value of the          Current value of the
e p op  rty                   p      n y

$          1700000.00    $          1700000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

SO   O        SUBJ C  O  O  GAG

☐ **Check if this is community property**
(                    s)

**2.** Add the dollar value of the portion you own for all of y          1,    ing  ny    r pag
you have attached for Part 1. Write that number here. ...............................

$          1700000.00

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles
you o   hat s  meone   se dr   If you lease a ve   le, als  repor   *Schedu   G   xecutory Co  tra ts   Unexpire   Leases*

**3.**  rs,  s,  s,  s, sp  lity  s,   cy

☑ No
☐ Yes

EXHIBIT 7

Case 6:22-bk-13036-SY    Doc 1    Filed 08/12/22    Entered 08/12/22 15:18:08    Desc
Main Document    Page 13 of 55

Debtor 1    LARA                              FAKHOURI                                    Case number (*if known*) _____
First Name    Middle Name    Last Name

---

ake _____

Model _____

Approximate mileage: _____

Other information:

| |

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see nstructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D:* by rop rty

**Current value of the entire property?**   **Current value of the portion you own?**

$ _____   $ _____

---

**Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*amp* ts,    rs, m    rs, p        ft,    ing    ls,        s, m    rcy

☑ No
☐ Yes

Model _____

Ye r: _____

| |

ho has an interest    the property Chec one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see s)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of entire property**   **Current value of th portion you own?**

$ _____   $ _____

---

5.  **Add the dollar value of the portion you own for all of y**                2,        ing  ny            r pag  →   $ _____ 0 00

y

EXHIBIT 7

Debtor 1    LARA                                    FAKHRI                          Case number (*if known*) _____
           First Name      Middle Name      Last Name

| o y | ny leg | eq | ny | ing | | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|---|---|---|---|---|

**6    Household goods and furnishings**

*Examples*: Major appliances, furniture, linens, china, kitchenware

☐ No
☑ es  Describe            _____    $ _____ 1 __ 00

**7.  E   ron cs**

*mp*   : Televisions and radios; audio, video, stereo, and digital equipment; computers, printers,      rs; m
        collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe .......    _____    $ _____ 2000.00

**8.  C   cti es of**

*xamples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects;
         mp,   in,                    s;                s, m       ia,

☑ N
☐ Yes. Describe. .......    _____    $ _____

**Equipment for sports and hobbies**

*Examples*: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes
         ay  s; arp  try   ls; m

☑ N
☐ Yes. Describe. .....    _____    $ _____

**10   Firearms**

*Examples*: Pistols, rifles, shotguns, ammunition, and related equipment

☑ N
☐ Yes. Describe. .......    _____    $ _____

**11   Clothes**

*Examples*: Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑          _____    $ _____ 00

**1 . Je   lry**

*mp*   : Everyday je  lry,     me j   lry, ngag    rings,    ing rings,    m j   lry,    s, g ms,
        gold, silver

☑ No
☐          _____    $ _____

EXHIBIT 7

| Debtor 1 | LARA | | FAKHURI | Case number (*if known*) |
| | First Name | Middle Name | Last Name | |

---

1  **Non-farm animals**

*Examples:* Dogs, cats, birds, horses

☑ No

☐ Yes. Describe. ........ [                              ]    $ _____

14.  ny o   r p                    s y          dy  st,    ing  ny        s y

☑ No

☐ Yes. Give sp
information. ..........  [                              ]    $ _____

15.  **Add the dollar value of all of your**                3,     ing  ny       r pag s y
**for Part 3. Write that number here.** ..................................................................    $ ____20500.00

---

EXHIBIT 7

Debtor 1    LARA                    FAKHMAN                         Case number (*if known*) _____
            First Name      Middle Name      Last Name

| | Current value of th portion you own? Do not deduct or exemptions |
|---|---|

**16. Cash**

mp      ey y      n y      et, n y      me,      ep      x,           n y      e y  r p

☑ No

☐                                                        Cash: ................. $ _____

**1. Deposits of money**

mp  : Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions,       rag    s,
     and other similar institutions. If you have multiple accounts with the same institution, list each.

☑ N

☐ Yes....................

                                                                  $ _____

**1 . Bonds, mutual funds, or publicly traded stocks**

mp      s,                         rag   rms, m   ey m

☑ N

☐

                                                                  $ _____

**. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in
   C, p      hip,    d j**

☑ No

☐ Yes. Give specific inform

                Name of entity:                   % of ownership:

                _____        0 %     $ _____

**Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☐ No

☐ Yes. Give specific inform
    them .....................

                                                                  $ _____

**1. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No

☐ Yes. List each
       ep    ely   Type of account:      Institution name:

                                                                  $ _____

EXHIBIT 7

Debtor 1    LARA                    FAKHAN                                    Case number (if known) _____

First Name        Middle Name        Last Name

**Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
mp    s,

☐ N

☐

                                    _____    $ _____

. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☐ No

☐ Yes........................    Issuer name and description:

                                    _____    $ _____

24. **Interests in an education IRA, in an account    q            og  m,        q            n p og**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☐ N

☐ Yes........................            rip    ep    ely            ny        . §    1(c)

                                    _____    $ _____

. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers
exercisable for your benefit**

☐ N

☐ Yes. Give specific
information about them ..... [                              ]    $ _____

26. **P    ts,  opyrig ts,  ad    s,  ade    ts,  nd o    tell    al p operty**
*mp*            s,    s, pr        m roy        ing agr

☐ N

☐ Yes. Give specific [                              ]    $ _____

27. **Li    ses, franch    s,  nd    er gener    ng**
*mp*        ing p    ts,            s,  op            ings, liq    s, pr

☐ N

☐ Yes. Give specific
information about them ..... [                              ]    $ _____

**Money or property owed to you?**

Current value of the
portion you own?
Do not deduct secured
mp

28            o y

☐ N

☐ Yes. Give specific information
about them, including whether
you already filed t
and the tax years. .....................  [                    ]    $ _____
                                        State:    $ _____
                                        Loca    $ _____

EXHIBIT 7

Debtor 1    LARA                    FAKHURI                    Case number (*if known*)  _____
    First Name        Middle Name        Last Name

---

. **Family support**

*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☐ N

☐     sp

| | ny | $ _____ |
| | Maintenance: | $ _____ |
| | upp | $ _____ |
| | | $ _____ |
| | Property Settlement: | $ _____ |

**Other amounts someone owes you**

*mp* : Unpaid wages, disability insurance payments, disability benefits, s k pay,      n pay,       mp      n,
Social Security benefits; unpaid loans you made to someone else

☐ No

☐ Yes. Give specific information. ........                    $ _____

1. **Interests in insurance policies**

*mp*    ea th,  isa ility,  ife insura ce; hea  sa ings a     t ( SA);  re it, home  ner's,      r's ns nce

☐ N

☐ Yes. Name the insurance company

     h p  icy                mp ny                        ry

    _____    _____        $ _____

. **Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life  nsurance policy, or are currently entitled to receive prop rty

☐ N

☐     sp                                    $ _____

33. **C    s against t ird p  ties,  heth  or  ot y     e fil   lawsuit              r pay**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ N

☐     sp                                    $ _____

34. **Other contingen       liq            ery    e,    ing                  rig**
**to set off claims**

☐ No

☐     sp                                    $ _____

35. **ny  nancial assets you did not already list**

☐ N

☐ Yes. Give specific information. ........                $ _____

6. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached**
**for Part 4. Write that number here** ..............................................................................    $ _____ 0.00

**EXHIBIT 7**

| Debtor 1 | LARA | | FAKHRaL | | Case number (*if known*) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

## Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

**37.** o y     ny leg    eq      ny     d p op rty

☑ No. Go to Part 6.

☐

**Current value of th portion you own?**
Do not deduct
or exemptions.

**38.** s y    dy

☐ No

☐ Yes. Describe ....... [ ]     $ _____

**Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No

☐ Yes. Describe ....... [ ]     $ _____

**Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☐ N

☐ [ ]     $ _____

**41.** en ry

☐ N

☐ Yes. Describe ....... [ ]     $ _____

n p   hip   r j

☐ No

☐

Name of entity: _____ % of ownership: _____

$ _____

**43.** ts,   ing   s,    mp

☐ No

☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

☐ N

☐ Yes. Describe ....... [ ]     $ _____

**Any business-related property you did not already list**

☐ No

☐ Yes. Give specific

_____     $ _____

**45.** Add the dollar value of all of your    5,    ing ny    r pag s y
for Part 5. Write that number here ......................................................................  $ _____0.00

EXHIBIT 7

Debtor 1    LARA
    First Name        Middle Name        Last Name     FAKMai          Case number (*if known*)

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---------|-----------------------------------------------------------------------------------------------|
| | If you own or have an interest in farmland, list it in Part 1. |

46. o y          ny leg  r eq it    nte est    ny                ng re   p operty

☑ N  Go to Part 7.
☐ Yes. Go to line 47.

**Current value of th
portion you own?**
Do not deduct
or exemptions.

47. Fa   an  als

*amp*          k, p  ltry,

☐ N
☐                                 $ _____

48. op    r g  ng

☐ No
☐ Yes. Give specific
    for  atio                   $ _____

49.     ing equip  nt, mp    ts,    ery,    s,

☐ N
☐                                 $ _____

    rm    ing upp  s,      ls,

☐ No
☐ Yes .....................            $ _____

51. Any farm- and commercial fishing-related property you did not already list

☐ No
☐ Yes. Give sp
    information ..........              $ _____

5 . **Add the dollar value of all of your            6,      ing ny      r pag s y
for Part 6. Write that number here** ......................................................................   $ _____

**EXHIBIT 7**

| Debtor 1 | LARA | | | | Case number (*if known*) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | FAKHANI | | |

### Describe All Property You Own or Have an Interest in That You Did Not List Above

Do y u  ve  r prop rty f any ki d you  id n      dy

*Examples:* Season tickets, country club membership

☑ N

☐ Yes. Give specific

_____    $ _____

5 . **Add the dollar value of all of your entries from Part 7. Write that number here** ......................    $ _____0.00

###  ist the Totals o  Eac  Part of t is Fo m

| | | | | |
|---|---|---|---|---|
| | te, | | | $ 1700000.00 |
| 56. | s, | $ _____ | | |
| 57. | **Part 3: Total personal and household items, line 15** | $ 20500.00 | | |
| | ts, | $ 0.00 | | |
| 59. | **Part 5: Total business-related property, line 45** | $ _____ | | |
| | ing       d p op rty, | $ _____ | | |
| 61. | r p op rty         d, | +$ _____ | | |
| | l p  l p op rty       ug | $ 20500.00 | opy p   l prop rty | +$ 20500.00 |
| 63. | **Total of all property on Schedule A/B. Add line 55 + line 62.** .......... | | | $ 1720500.00 |

**EXHIBIT 7**

**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | LARA | F KH |
| | irst Name | iddle Name | Last Name |
| Debtor 2 (Spouse, ing) | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: _____

Case num r _____

☐ Check if this is
ing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any l pag s,    e y                          r (          n)

**any cr ditors    e clai  s secu ed by y ur prop rty?**

☐                                                                          h y                          ing    rep

☑ Yes. Fill in all of the information below.

| Part 1: | List All Secured Claims |
|---|---|

List all secured claims. If a creditor has more than one secured claim, list the creditor separa ely for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as poss le, lis  he cla ms  alphabetical order according to  he creditor's name

| | | Column A Amount of claim Do not deduct the | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|---|

**2.1**

CITADEL MORTGAGE SERVICING
Creditor's Name

PO BO   100077

DULUTH              GA    30096
ity

Describe the property that secures the claim:

1243 JACARANDA UPLAND CALIF 91784

e y     le,                          apply
☐ Con ingent
☐ Unliquidated
☐ isp

$   800000.00  $   1700000.00  $ _____

**Who owes the debt?** Check one.
☑      nly
☐      nly
☐                  nly
☐                          r
☐ Check if this claim is for a community debt

ur         hat apply
☑ An agreement you m  (s    rtgag  r secured  car loan)
☐ Stat ory lie (s  as   lien, m        n)
☐ Judgment lien from a lawsuit
☐    r (   ing  rig    et)

Date debt was incurred _____    Last  digits of account nu  be _____

**2.2**

TRUSTEE CORPS
Creditor's Name

17100   ILETTE

IRVINE              CA    92614
ity

Describe the property that secures the claim:

1243 JACARANDA PLUPLAND CALIFORNIA

**As of the date you file, the claim is:** Check all that apply.
☐ Con ingent
☐ Unliquidated
☐ isp

$   800000.00  $   1700000.00  $   0.00

**Who owes the debt?** Check one.
☑      nly
☐      nly
☐                  nly
☐                          r
☐ Check if this claim is for a community debt

ur         hat apply
☐ An agreement you m  (s    rtgag  r secured  car loan)
☐ Stat ory lie (s  as   lien, m        n)
☐ Judgment lien from a lawsuit
☐    r (   ing  rig    et)

Date debt was incurred 08/01/20

EXHIBIT  7

| Debtor 1 | LARA | | FAKHOURI | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| | Additional Page<br>**After listing any ent**    s page,    eg  ing  .3,<br>**by 2.4, and so forth.** | *Column A*<br>**Amount of claim**<br>Do not deduct the<br>value of collateral. | *Column B*<br>**Value of collateral<br>that supports this<br>claim** | *Column C*<br>**Unsecured<br>portion**<br>If any |
|---|---|---|---|---|
| | Last 4 digits of account number  9822 | | | |
| | Column A dollar value totals from all pages. | $   1600000 00 | | |

**EXHIBIT 7**

| Debtor 1 | LARA | | FAKHRI | | Case number (*if known*) |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 2:    List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Name

Number    Street

ity

On which line in Part 1 did you enter the creditor? _____

dig                        _____

EXHIBIT 7

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | LARA                    F  KH |
| | iirst Name        iddle Name        Last Name |
| Debtor 2 (Sp use,  ing) | |
| | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | _____ |
| Case num  r ( n) | _____ |

☐ Check if this is
ing

Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach                    ag     s pag     op   ny         ag s, your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☑ No
   ☐ Yes

   **Within the last 8 years, have you lived in a community property state or territory?** (Community property states and territories  nclude    zona, California, I    o,    a,    a,    o,       o,    s,    ing n,       n.)

   ☐ N   Go t
   ☑  . D d y  r sp   e,    r sp   e, r leg  eq            h y

   ☑ No
   ☐ Yes. In which community state or territory did you live? _____    Fill in the name and current address of that person.

   _____
   Name of your spouse, former spouse, or legal equivalent

   _____
   Number        Street

   _____
   ity

3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the p shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G*

   |  | C | | y |
   |---|---|---|---|
   | | | | apply |
   | Name | ☐ | D, | _____ |
   | Number     Street | ☐ | /F, | _____ |
   | | ☐ | G, | _____ |
   | City                State        ZIP Code | | | |

EXHIBIT 7

EXHIBIT 8

| Attorney or Party Name, Address, Telephone & FAX Nos., State Ba  o. &  Address | FOR COURT USE ONLY |
|---|---|
| Christina J. Khil, #266845<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center D ive, Second  loo<br>Irvine, California 929612<br>(949) 252-9400 (Telephone)<br>(949) 252-1032 (Fax)<br>christinao@mclaw.org<br><br><br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>MAY 18 2023<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY Mason    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br><br>LARA FAKHOURY,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:22-bk-13036-SY |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATI STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: May 10,<br>TIME: 9:30 AM<br>COURTROOM: 302<br>PLACE: 3420 Twelfth Street, Riverside, CA 92501 |

**Movant:** Wilmington Trust, National Association, not in its individual capacity but solely as trustee of
   rust 2015

☒ Opp   d   ☐   nopp   d   ☐   d by  tip

   ing   al prop  rty (  rop  rty)

*Street address*: _____
*Unit/suite number*:
   *ity,    te, zip*   <u>Up and,_____</u>

   ega    ript              ding n    r (   ding    nty         ding)

        6;

☒ S       d pag

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 8**

s g

a. ☒  11 U.S.C. § 362(d)(1)

☐  . §   2(d)(2)

c. ☐  11 U.S.C. § 362(d)(3)

d ☐  11 U.S.C. § 362(d)(4).     ing        ruptcy p     as pa            nder, d lay,        d
creditors that involved:

(1) ☐  The transfer of all or part ownership of, or        t in, t     rop rty
secured creditor or court approval; and/or

(2) ☐  ltip     ruptcy        ting t    rop rty

(3) ☐  The court    ☐ makes    ☐ does not make    ☐ cannot make
a nding t

(4)  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this
order shall be binding in any other case under this title purporting to affect the Property filed not later than 2
years after the date of the entry of this order by the court, except that a debtor in a subsequent case under
this title may move for relief from this order based upon changed circumstances or for good cause shown,
after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or
al prop rty     ept any        opy                ing and        ding

☒     ant,        rs, t            signs, t    tay     . §   2(a)

a. ☒  Terminated as to the Debtor and the Debtor's bankruptcy estate.

☐                        _____

c. ☐  Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its
rega ding t    rop rty d                tay

☒  Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with
applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the
ept by    ing a p        m p            . §

☐                                rop rty     e _____ (  te)

☐  The stay shall remain in ef        bj                        deq        n Ag        nt
contained within this order.

8. ☒  In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after
entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without
prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to
the contrary, Movant must return to th        ny pay
secured claim after entry of this order.

9. ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as
t

☒        day   tay as p            1(a)(3)

. This order is binding and        sp   any                ruptcy            any        apt
of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan
modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, throug        ing
agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 8**

~~. Upon entry of this order,   r purp                     de §      .5, t~~
~~Code § 2920.5(c)(2)(C).~~

☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardle
of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

(a) ☐

(b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable
n     ruptcy

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of
days,                                   tay                                   rop  rty

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any
rop  rty    a p          day                ing

(a) ☐ without further notice.

(b) ☐ upon recording of a  opy          r g  ing approp            ntry    mp        app
nonbankruptcy law.

☐          nding and      n any          ruptcy    e, n                    may

(a) ☐ without further notice.

(b) ☐ upon recording of a  opy          r g  ing approp            ntry    mp        app
nonbankruptcy law.

☐      r (*sp    ify*)

### 

Date: May 18, 2023

Scott H. Yun
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 3

**EXHIBIT 8**

# LEGAL DESCRIPTION

Real property in the City of Upland, County of San Bernardino, State of California, described as follows:

LOT 13, TRACT NO. 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 208 OF MAPS, PAGE(S) 58 TO 60, INCLUSIVE, RECORDS OF SAID COUNTY.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

EXHIBIT 8

# United States Bankruptcy Court
## Central District of California

### 3420 Twelfth Street, Riverside, CA 92501-3819

## ORDER AND NOTICE OF DISMISSAL
## ARISING FROM MOTION TO DISMISS CHAPTER 13 [11 U.S.C. § 1307]

**DEBTOR INFORMATION:**                                    **BANKRUPTCY NO.**  6:22-bk-13036-SY
Lara Fakhoury

                                                           **CHAPTER**  13

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):**  xxx-xx-0739
**Employer Tax-Identification (EIN) No(s).(if any):**  N/A
**Debtor Dismissal Date:** 5/10/23

**Address:**
1243 Jacaranda PL
Upland, CA 91784-7410

Pursuant to the court's findings and conclusions at the hearing on the motion to dismiss in this case,
IT IS ORDERED THAT:

(1) debtor's bankruptcy case is dismissed; and

(2) the court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising
    under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

Dated: May 10, 2023

                                                           BY THE COURT,

                                                           **Kathleen J. Campbell**
                                                           Clerk of Court

Form van153-od13d Rev. 06/2017                                              **66 - 55 / SM6**

**EXHIBIT 8**

# EXHIBIT 9

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Lara** | | **Fakhoury** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | irst Name | iddle Name | Last Name |

United States Bankruptcy Court for the: _____ **Central** is rict o _____ **California**

Case number    **6:25-bk-13166**

☐ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

| 1.1 | **1243 Jacaranda Pl** | **What is the property?** Check all that apply. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|

**1243 Jacaranda Pl**
Street address, if available, or other
descriptio

**Upland, CA 91784-7410**
City        State        ZIP Code

**San Bernardino**
County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local
property identification number: _____

Do not deduct secured claims or exemptions. Put
the amount of any secured claims on *Schedule D:
Creditors Who Have Claims Secured by Property.*

Current value of the        Current value of the
entire property?            portion you own?

**$1,500,000.00**        **$1,500,000.00**

Describe the nature of your ownership interest
(such as fee simple, tenancy by the entireties, or
a life estate), if known.

**Fee Simple**

☐ Check if this is community property
(see instructions)

Add the dollar value of the portion you own for all of your entries fro   Part 1,  ncluding any entries for pages
you have attached for Part 1. Write that number here .................................................................. ➔   | **$1,500,000.00** |

### Part 2:  Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles
you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles
☐ No
☑ Yes

Official Form 106A/B                Schedule A/B: Property                page 1

**EXHIBIT 9**

Debtor  **Fakhoury, Lara**                                                Case number *(if known)*  **6:25-bk-13166**

| 3.1 | Make: | **Chevrolet** | **Who has an interest in the property?** Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|
| | Model: | **Equinox** | ☑ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another | |
| | Year: | **2019** | | **Current value of the entire property?** / **Current value of the portion you own?** |
| | Approximate mileage: _____ | | ☐ **Check if this is community property** (see instructions) | $16,000.00 / $16,000.00 |
| | Other information: | | | |

**To be surrendered**

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

| 4.1 | Make: | _____ | **Who has an interest in the property?** Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|
| | Model: | _____ | ☐ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another | |
| | Year: | _____ | | **Current value of the entire property?** / **Current value of the portion you own?** |
| | Other information: | | ☐ **Check if this is community property** (see instructions) | _____ / _____ |

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here ................................................................................    $16,000.00

---

**Part 3:   Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**

*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe. .........    **Household goods and furnishings**    $4,000.00

7. **Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe. .........    **Electronics**    $2,000.00

**EXHIBIT 9**

Debtor  **Fakhoury, Lara**                                    Case number *(if known)*  **6:25-bk-13166**

---

8.  **Collectibles of value**

    *Examples:*  Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or
    baseball card collections; other collections, memorabilia, collectibles

    ☑ No
    ☐ Yes. Describe. ..........  |_____|  _____

9.  **Equipment for sports and hobbies**

    *Examples:*  Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and
    kayaks; carpentry tools; musical instruments

    ☑ No
    ☐ Yes. Describe. ..........  |_____|  _____

10. **Firearms**

    *Examples:*  Pistols, rifles, shotguns, ammunition, and related equipment

    ☑ No
    ☐ Yes. Describe. ..........  |_____|  _____

11. **Clothes**

    *Examples:*  Everyday clothes, furs, leather coats, designer wear, shoes, accessories

    ☐ No
    ☑ Yes. Describe. ..........  | **Clothes**                     |   $1,500.00

12. **Jewelry**

    *Examples:*  Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold,
    silver

    ☑ No
    ☐ Yes. Describe. ..........  |_____|  _____

13. **Non-farm animals**

    *Examples:*  Dogs, cats, birds, horses

    ☑ No
    ☐ Yes  Describe  |_____|  _____

14. **Any other personal and household items you did not already list, including any health aids you did not list**

    ☑ No
    ☐ Yes. Give specific
       information. ............  |_____|  _____

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
    for Part 3. Write that number here** ...................................................................................................  | $7,500.00 |

---

| **Part 4:** | **Describe Your Financial Assets** |

---

**EXHIBIT 9**

Debtor  __Fakhoury, Lara_____      Case number *(if known)* __6:25-bk-13166__

---

**Do you own or have any legal or equitable interest in any of the following?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

16. **Cash**

    *Examples:*  Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

    ☐ No

    ☑ Yes ..................................................................................................................  Cash: ...................   __$500.00__

17. **Deposits of money**

    *Examples:*  Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and o her s ila institutions If you have multiple accounts   he sa  e nstitution, list eac

    ☐ No

    ☑ Yes ....................     Institution name:

    17.1. Checking account:   **US Bank**  _____   __$400.00__

18. **Bonds, mutual funds, or publicly traded stocks**

    *Examples:*  Bond funds, investment accounts with brokerage firms, money market accounts

    ☑ No

    ☐ Yes .....................   Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

    ☑ No

    ☐ Yes. Give specific information about them....................   Name of entity:                     % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**

    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

    ☑ No

    ☐ Yes. Give specific information about them....................   Issuer name:

---

**EXHIBIT 9**

Debtor **Fakhoury, Lara** _____    Case number *(if known)* **6:25-bk-13166**

21.  **Retirement or pension accounts**

   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

   ☑ No
   ☐ Yes. List each
      account separately.    Type of account:    Institution name:

      401(k) or similar plan:    _____    _____

      Pension plan:    _____    _____

      IRA:    _____    _____

      Retirement account:    _____    _____

      Keogh:    _____    _____

      Additional account:    _____    _____

      Additional account:    _____    _____

22.  **Security deposits and prepayments**

   Your share of all unused deposits you have made so that you may continue service or use from a company

   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or
             others

   ☑ No
   ☐ Yes ......................    Institution name or individual:

      Electric:    _____    _____

      Gas:    _____    _____

      Heating oil:    _____    _____

      Security deposit on rental unit:    _____    _____

      Prepaid rent:    _____    _____

      Telephone:    _____    _____

      Water:    _____    _____

      Rented furniture:    _____    _____

      Other:    _____    _____

23.  **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

   ☑ No
   ☐ Yes ...................    Issuer name and description:

      _____    _____

      _____    _____

      _____    _____

EXHIBIT 9

Debtor  Fakhoury, Lara _____     Case number *(if known)* **6:25-bk-13166**

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes ..................... Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

25 **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes. Give specific information about them. .

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes. Give specific information about them. ...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes. Give specific information about them. ...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☑ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ...................

Federal:
State:
Local:

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

EXHIBIT 9

Debtor  **Fakhoury, Lara**                                          Case number *(if known)*  **6:25-bk-13166**

☑ No

☐ Yes. Give specific information. .........

| | |
|---|---|
| Alimony: | _____ |
| Maintenance: | _____ |
| Support: | _____ |
| Divorce settlement: | _____ |
| Property settlement: | _____ |

30.  **Other amounts someone owes you**

*Examples:*  Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes. Give specific information. .........                                          _____

31.  **Interests in insurance policies**

*Examples:*  Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No

☐ Yes. Name the insurance company of each policy and lis  its value

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

32.  **Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information. .........                                          _____

33.  **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:*  Accidents, employment disputes, insurance claims, or rights to sue

☑ No

☐ Yes. Describe each claim. ...............                                          _____

34.  **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No

☐ Yes. Describe each claim. ...............                                          _____

35.  **Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information. .........                                          _____

**EXHIBIT 9**

Debtor  **Fakhoury, Lara**                                          Case number *(if known)*  **6:25-bk-13166**

---

36.  Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
     for Part    rite that nu   ber here                                                    | **$900.00** |

**Part 5:**    **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37.  **Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.

☐ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

38.  **Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe. .........  _____    _____

39.  **Office equipment, furnishings, and supplies**

*Examples:*  Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No

☐ Yes. Describe. .........  _____    _____

40.  **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No

☐ Yes. Describe. .........  _____    _____

41.  **Inventory**

☑ No

☐ Yes. Describe. .........  _____    _____

42.  **Interests in partnerships or joint ventures**

☑ No

☐ Yes. Describe .. ....

Name of entity:                          % of ownership:

_____    _____    _____

_____    _____    _____

_____    _____    _____

**EXHIBIT 9**

Debtor __Fakhoury, Lara__                                          Case number (if known) __6:25-bk-13166__

---

43.  **Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

   ☐ No

   ☐ Yes. Describe. .........

---

44.  **Any business-related property you did not already list**

☑ No

☐ Yes. Give specific
information .........

---

45.  Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here ...................................................................................................    | $0.00 |

---

**Part 6:**   **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

**Current value of the
portion you own?**
Do not deduct secured
claims or exemptions.

47.  **Farm animals**

   *Examples:* Livestock, poultry, farm-raised fish

☑ No

☐ Yes .........................

48.  **Crops   either growing or harvested**

☑ No

☐ Yes. Give specific
information. ............

---

**EXHIBIT 9**

Debtor  Fakhoury, Lara _____    Case number *(if known)* 6:25-bk-13166

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No

☐ Yes .......................  _____    _____

50. **Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes .......................  _____    _____

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No

☐ Yes. Give specific
information. ............  _____    _____

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached**
   **for Part 6. Write that number here** ...........................................................................................    | $0.00 |

---

## Part 7:    Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**

   *Examples:*  Season tickets, country club membership

   ☑ No

   ☐ Yes. Give specific
   information. ............  _____    _____
                            _____
                            _____

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ........................................    | $0.00 |

---

## Part 8:    List the Totals of Each Part of this Form

55. **Part 1: Total real estate, line 2** ......................................................................................    **$1,500,000.00**

56. **Part 2: Total vehicles, line 5**    $16,000.00

57. **Part 3: Total personal and household items, line 15**    $7,500.00

58. **Part 4: Total financial assets, line 36**    $900.00

59. **Part 5: Total business-related property, line 45**    $0.00

60. **Part 6: Total farm- and fishing-related property, line 52**    $0.00

61. **Part 7: Total other property not listed, line 54**    $0.00

62. **Total personal property. Add lines 56 through 61.** ...............    $24,400.00    Copy personal property total    $24,400.00

---

Official Form 106A/B    Schedule A/B: Property    page 10

**EXHIBIT  9**

Debtor **Fakhoury, Lara** _____    Case number *(if known)* **6:25-bk-13166** _____

63.    **Total of all property on Schedule A/B.** Add line 55 + line 62. ...................................................................    | **$1,524,400.00** |

**EXHIBIT 9**

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Lara** | **Fakhoury** |
| | First Name      Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name      Middle Name | Last Name |

United States Bankruptcy Court for the: **Central** District of **California**

Case number (if **6:25-bk-13166**
known)

☐ Check if this is an
amended filing

Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1.  **Do any creditors have claims secured by your property?**
    ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
    ☑ Yes. Fill in all of the information below.

**Part 1:**    List All Secured Claims

2.  **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A
Amount of claim
Do not deduct the
value of collateral. | Column B
Value of collateral
that supports this
claim | Column C
Unsecured
portion
If any |
|---|---|---|---|

| 2.1 | **Wilmington Trust, National Association** | | $748,660.00 | $1,500,000.00 | $0.00 |

Creditor's Name

**c/o ServiceMac, LLC**

**9726 Old Bailes Road Suite #200**
Number     Street
**Fort Mill, SC 30096**
City          State          ZIP Code

Describe the property that secures the claim:

┌──────────────────────────────────────┐
│ **1243 Jacaranda Pl Upland, CA 91784-7410** │
└──────────────────────────────────────┘

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and
another
☐ Check if this claim relates to a
community debt

Date debt was incurred _____

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to
offset) _____

Last 4 digits of account number ___ ___ ___ ___

**Add the dollar value of your entries in Column A on this page. Write that number here:**   | $748,660.00 |

Official Form 106D                Schedule D: Creditors Who Have Claims Secured by Property                page **1** of **2**

**EXHIBIT 9**

Debtor 1  **Lara** _____ **Fakhoury** _____  Case number (if known) **6:25-bk-13166**

First Name    Middle Name    Last Name

| **Part 2:** | **List Others to Be Notified for a Debt That You Already Listed** |

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐ **1**

**Citadel Servicing**

Name

O   hich line in Part 1 did you enter the creditor    2.1

**25541 Commercentre Dr Ste 250**

Nu  be        Street

Last 4 digits of account number    ___ ___ ___ ___

**Lake Forest, CA 92630-4555**

City        State        ZIP Code

**EXHIBIT 9**

| Fill in this information to identify your case: |
| --- |

| Debtor 1 | **Lara** | | **Fakhoury** | |
| --- | --- | --- | --- | --- |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| United States Bankruptcy Court for the: | | **Central** | District of | **California** |
| Case number | **6:25-bk-13166** | | | |
| (if known) | | | | |

☐ Check if this is an
amended filing

<u>Official Form 106H</u>

# Schedule H: Your Codebtors

**12/15**

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if no n) nswer every questio

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)
   ☑ No
   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)
   ☐ No. Go to line 3.
   ☑ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?
      ☑ No
      ☐ Yes. In which community state or territory did you live? _____. Fill in the name and current address of that person.

      _____
      Name of your spouse, former spouse, or legal equivalent

      _____
      Number          Street

      _____
      City                State                ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F*, or *Schedule G* to fill out Column 2.**

*Column 1:* **Your codebtor**

*Column 2:* **The creditor to whom you owe the debt**

Check all schedules that apply:

| 3.1 | |
| --- | --- |
| Name | |

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

Number          Street

City                State                ZIP Code

| 3.2 | |
| --- | --- |
| Name | |

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

Number          Street

City                State                ZIP Code

**EXHIBIT 9**

EXHIBIT 10

# United States Bankruptcy Court
# Central District of California

### 3420 Twelfth Street, Riverside, CA 92501-3819

## ORDER AND NOTICE OF DISMISSAL
## ARISING FROM CHAPTER 13 CONFIRMATION HEARING

**DEBTOR INFORMATION:**
Lara Fakhoury

**BANKRUPTCY NO.** 6:25-bk-13166-SY

**CHAPTER** 13

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):** xxx-xx-0739
**Employer Tax-Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 7/16/25

**Address:**
1243 Jacaranda Pl
Upland, CA 91784-7410

Pursuant to the court's findings and conclusions made at the confirmation hearing in this case,
IT IS ORDERED THAT:

(1) debtor's bankruptcy case is dismissed; and

(2) the court retain jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising
under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

BY THE COURT,

Dated: July 16, 2025

**Kathleen J. Campbell**
Clerk of Court

EXHIBIT 10

EXHIBIT 11

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Lara** | **Fakhoury** | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | irst Name | iddle Name | Last Name |

United States Bankruptcy Court for the:   **Central**   is rict o   **California**

Case number   **6:25-bk-15107-SY**

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**    **Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1.   Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

1.1   **1243 Jacaranda Pl**
Street address, if available, or other descriptio

**Upland, CA 91784-7410**
City        State        ZIP Code

**San Bernardino**
County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$1,500,000.00** | **$1,500,000.00** |

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee Simple**

☐ Check if this is community property (see instructions)

Add the dollar value of the portion you own for all of your entries fro   Part 1,  ncluding any entries for pages you have attached for Part 1. Write that number here ...................................... →

| |
|---|
| **$1,500,000.00** |

**Part 2:**    **Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.   Cars, vans, trucks, tractors, sport utility vehicles, motorcycles
☐ No
☑ Yes

**EXHIBIT 11**

Debtor  **Fakhoury, Lara** _____    Case number *(if known)* **6:25-bk-15107-SY**

| 3.1 | Make: | **Chevrolet** | **Who has an interest in the property?** Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

Model: **Equinox**

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Year: **2019**

| | Current value of the entire property? | Current value of the portion you own? |
|---|---|---|
| | $16,000.00 | $16,000.00 |

Approximate mileage: _____

☐ **Check if this is community property** (see instructions)

Other information:

┌─────────────────────────┐
│ **To be surrendered**   │
└─────────────────────────┘

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

| 4.1 | Make: | _____ | **Who has an interest in the property?** Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

Model: _____

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Year: _____

| | Current value of the entire property? | Current value of the portion you own? |
|---|---|---|

Other information:

☐ **Check if this is community property** (see instructions)

┌─────────────────────────┐
│                         │
└─────────────────────────┘

5.  **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ...................................................................................

┌─────────────┐
│ $16,000.00  │
└─────────────┘

## Part 3:   Describe Your Personal and Household Items

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6.  **Household goods and furnishings**

*Examples:*  Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe. .........

| Household goods and furnishings | $4,000.00 |
|---|---|

7.  **Electronics**

*Examples:*  Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe. .........

| Electronics | $2,000.00 |
|---|---|

**EXHIBIT 11**

Debtor __Fakhoury, Lara_____    Case number *(if known)* __6:25-bk-15107-SY__

8.  **Collectibles of value**

    *Examples:*  Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or
    baseball card collections; other collections, memorabilia, collectibles

    ☑ No
    ☐ Yes. Describe. .........

    _____

9.  **Equipment for sports and hobbies**

    *Examples:*  Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and
    kayaks; carpentry tools; musical instruments

    ☑ No
    ☐ Yes. Describe. .........

    _____

10. **Firearms**

    *Examples:*  Pistols, rifles, shotguns, ammunition, and related equipment

    ☑ No
    ☐ Yes. Describe. .........

    _____

11. **Clothes**

    *Examples:*  Everyday clothes, furs, leather coats, designer wear, shoes, accessories

    ☐ No
    ☑ Yes. Describe. .........   **Clothes**       $1,500.00

    _____

12. **Jewelry**

    *Examples:*  Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold,
    silver

    ☑ No
    ☐ Yes. Describe. .........

    _____

13. **Non-farm animals**

    *Examples:*  Dogs, cats, birds, horses

    ☑ No
    ☐ Yes  Describe

    _____

14. **Any other personal and household items you did not already list, including any health aids you did not list**

    ☑ No
    ☐ Yes. Give specific
    information. .............

    _____

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
    for Part 3. Write that number here** ..................................................................................................................    $7,500.00

**Part 4:    Describe Your Financial Assets**

**EXHIBIT 11**

Debtor  **Fakhoury, Lara**                                                  Case number *(if known)*  **6:25-bk-15107-SY**

**Do you own or have any legal or equitable interest in any of the following?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

16. **Cash**

    *Examples:*  Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

    ☐ No

    ☑ Yes ..................................................................................................................    Cash: ...................    $500.00

17. **Deposits of money**

    *Examples:*  Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and o her s  ila  institutions  If you have multiple accounts    he sa  e  nstitution, list eac

    ☐ No

    ☑ Yes .....................                    Institution name:

                          17.1. Checking account:   **US Bank**                                        $4,740.00

                          17.2. Checking account:   **Wells Fargo**                                     $70,066.00

18. **Bonds, mutual funds, or publicly traded stocks**

    *Examples:*  Bond funds, investment accounts with brokerage firms, money market accounts

    ☑ No

    ☐ Yes .....................     Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

    ☑ No

    ☐ Yes. Give specific
       information about
       them....................   Name of entity:                          % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**

    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

    ☑ No

    ☐ Yes. Give specific
       information about
       them....................   Issuer name:

Official Form 106A/B                          Schedule A/B: Property                          page 4

**EXHIBIT 11**

Debtor __Fakhoury, Lara__                                                Case number *(if known)* __6:25-bk-15107-SY__

---

21. **Retirement or pension accounts**

     *Examples:*  Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

     ☑ No
     ☐ Yes. List each       Type of account:      Institution name:
        account separately.

                            401(k) or similar plan: _____   _____

                            Pension plan:          _____   _____

                            IRA:                   _____   _____

                            Retirement account:    _____   _____

                            Keogh:                 _____   _____

                            Additional account:    _____   _____

                            Additional account:    _____   _____

22. **Security deposits and prepayments**

     Your share of all unused deposits you have made so that you may continue service or use from a company

     *Examples:*  Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or
                  others

     ☑ No
     ☐ Yes .....................        Institution name or individual:

                            Electric:              _____   _____

                            Gas:                   _____   _____

                            Heating oil:           _____   _____

                            Security deposit on rental unit: _____   _____

                            Prepaid rent:          _____   _____

                            Telephone:             _____   _____

                            Water:                 _____   _____

                            Rented furniture:      _____   _____

                            Other:                 _____   _____

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

     ☑ No
     ☐ Yes .....................        Issuer name and description:

                                       _____   _____

                                       _____   _____

                                       _____   _____

---

Official Form 106A/B                          Schedule A/B: Property                          page 5

**EXHIBIT 11**

Debtor __Fakhoury, Lara_____     Case number *(if known)* __6:25-bk-15107-SY__

24.   **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
      26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

      ☑ No
      ☐ Yes ..................... Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

      _____     _____

      _____     _____

      _____     _____

25    **Trusts, equitable or future  nterests  n property (other tha   anything listed      ne 1), and rights or powers exercisable
      for your benefit**

      ☑ No
      ☐ Yes. Give specific
         fo matio   about them. .   [                                    ]     _____

26.   **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
      *Examples:*  Internet domain names, websites, proceeds from royalties and licensing agreements

      ☑ No
      ☐ Yes. Give specific
         information about them. ...   [                                    ]     _____

27.   **Licenses, franchises, and other general intangibles**
      *Examples:*  Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

      ☑ No
      ☐ Yes. Give specific
         information about them. ...   [                                    ]     _____

**Money or property owed to you?**                                              **Current value of the
                                                                                portion you own?**
                                                                                Do not deduct secured
                                                                                claims or exemptions.

28.   **Tax refunds owed to you**

      ☑ No
      ☐ Yes. Give specific information about                Federal:  _____
         them, including whether you
         already filed the returns and                      State:    _____
         the tax years. ...................
                                                            Local:    _____

29.   **Family support**
      *Examples:*  Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property
                settlement

Official Form 106A/B                          **Schedule A/B: Property**                                   page 6

**EXHIBIT 11**

Debtor  Fakhoury, Lara                                          Case number *(if known)*  6:25-bk-15107-SY

☑ No

☐ Yes. Give specific information. ........

| | |
|---|---|
| Alimony: | _____ |
| Maintenance: | _____ |
| Support: | _____ |
| Divorce settlement: | _____ |
| Property settlement: | _____ |

30.  **Other amounts someone owes you**

*Examples:*  Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes. Give specific information. ........                                          _____

31.  **Interests in insurance policies**

*Examples:*  Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No

☐ Yes. Name the insurance company of each policy and lis  its value

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

32.  **Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information. ........                                          _____

33.  **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:*  Accidents, employment disputes, insurance claims, or rights to sue

☑ No

☐ Yes. Describe each claim. ..............                                          _____

34.  **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No

☐ Yes. Describe each claim. ..............                                          _____

35.  **Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information. ........                                          _____

Official Form 106A/B                         **Schedule A/B: Property**                         page 7

**EXHIBIT 11**

Debtor **Fakhoury, Lara**                                     Case number *(if known)* **6:25-bk-15107-SY**

36.  Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
     for Part    rite that nu   ber here                                           **$75,306.00**

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37.  **Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.
☐ Yes. Go to line 38.

**Current value of the
portion you own?**
Do not deduct secured
claims or exemptions.

38.  **Accounts receivable or commissions you already earned**

☑ No
☐ Yes. Describe. .........   _____   _____

39.  **Office equipment, furnishings, and supplies**

*Examples:*  Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs,
electronic devices

☑ No
☐ Yes. Describe. .........   _____   _____

40.  **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes. Describe. .........   _____   _____

41.  **Inventory**

☑ No
☐ Yes. Describe. .........   _____   _____

42.  **Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe .. ....

Name of entity:                          % of ownership:

_____     _____     _____

_____     _____     _____

_____     _____     _____

**EXHIBIT 11**

Debtor __Fakhoury, Lara__                                    Case number *(if known)* __6:25-bk-15107-SY__

43. **Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

    ☐ No

    ☐ Yes. Describe. .........    _____    _____

44. **Any business-related property you did not already list**

☑ No

☐ Yes. Give specific
information ..........    _____    _____

    _____    _____

    _____    _____

    _____    _____

    _____    _____

    _____    _____

45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here ...................................................................................    | $0.00 |

---

**Part 6:**    **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

**Current value of the
portion you own?**
Do not deduct secured
claims or exemptions.

47. **Farm animals**

*Examples:* Livestock, poultry, farm-raised fish

☑ No

☐ Yes .........................    _____    _____

48. **Crops   either growing or harvested**

☑ No

☐ Yes. Give specific
information. ............    _____    _____

Official Form 106A/B                    Schedule A/B: Property                    page 9

**EXHIBIT 11**

Debtor  **Fakhoury, Lara**                                                          Case number *(if known)*  **6:25-bk-15107-SY**

49.  **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No

☐ Yes .........................  [                                    ]      _____

50.  **Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes .........................  [                                    ]      _____

51.  **Any farm- and commercial fishing-related property you did not already list**

☑ No

☐ Yes. Give specific
information. ............  [                                    ]      _____

52.  **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached
for Part 6. Write that number here** .................................................................................      | $0.00 |

---

**Part 7:     Describe All Property You Own or Have an Interest in That You Did Not List Above**

53.  **Do you have other property of any kind you did not already list?**

*Examples:*  Season tickets, country club membership

☑ No

☐ Yes. Give specific
information. ............  [                                    ]      _____
                                                                        _____
                                                                        _____

54.  **Add the dollar value of all of your entries from Part 7. Write that number here** ........................................      | $0.00 |

---

**Part 8:     List the Totals of Each Part of this Form**

55.  **Part 1: Total real estate, line 2** .................................................................................      **$1,500,000.00**

56.  **Part 2: Total vehicles, line 5**              **$16,000.00**

57.  **Part 3: Total personal and household items, line 15**     **$7,500.00**

58.  **Part 4: Total financial assets, line 36**         **$75,306.00**

59.  **Part 5: Total business-related property, line 45**        **$0.00**

60.  **Part 6: Total farm- and fishing-related property, line 52**   **$0.00**

61.  **Part 7: Total other property not listed, line 54**        **$0.00**

62.  **Total personal property. Add lines 56 through 61.** ...............      **$98,806.00**    Copy personal property total ▶      **$98,806.00**

---

**EXHIBIT 11**

Debtor  **Fakhoury, Lara**                                                                                      Case number *(if known)*  **6:25-bk-15107-SY**

63.  **Total of all property on Schedule A/B.** Add line 55 + line 62. ...........................................................................................    | **$1,598,806.00** |

**EXHIBIT 11**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Lara | | Fakhoury |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Central** District of **California**

Case number (if known) **6:25-bk-15107-SY**

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property       12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|

**2.1** **Wilmington Trust, National Association**
Creditor's Name
**c/o ServiceMac, LLC**

**9726 Old Bailes Road Suite #200**
Number    Street
**Fort Mill, SC 30096**
City    State    ZIP Code

| Amount of claim | Value of collateral | Unsecured portion |
|---|---|---|
| $810,000.00 | $1,500,000.00 | $0.00 |

Describe the property that secures the claim:

| 1243 Jacaranda Pl Upland, CA 91784-7410 |
|---|

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred  1/25/2019    Last 4 digits of account number    3  0  4  0

Add the dollar value of your entries in Column A on this page. Write that number here:    | $810,000.00 |

**EXHIBIT 11**

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Lara**        **Fakhoury** | |
| | First Name        Middle Name        Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name        Middle Name        Last Name | |
| United States Bankruptcy Court for the: | **Central** District of **California** | |
| Case number (if known) | **6:25-bk-15107-SY** | ☐ Check if this is an amended filing |

<u>Official Form 106H</u>

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if no n) nswer every questio

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)
   ☑ No
   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)
   ☐ No. Go to line 3.
   ☑ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?
   ☐ No
   ☑ Yes. In which community state or territory did you live? _____**California**_____. Fill in the name and current address of that person.

   **Fakhoury, Majed (Mike)**
   Name of your spouse, former spouse, or legal equivalent
   **1243 Jacaranda Pl**
   Number        Street
   **Upland, CA 91784-7410**
   City        State        ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on** *Schedule D* **(Official Form 106D),** *Schedule E/F* **(Official Form 106E/F), or** *Schedule G* **(Official Form 106G). Use** *Schedule D, Schedule E/F,* **or** *Schedule G* **to fill out Column 2.**

*Column 1:* **Your codebtor**

*Column 2:* **The creditor to whom you owe the debt**

Check all schedules that apply:

| 3.1 | |
|---|---|
| Name | ☐ Schedule D, line _____ |
| | ☐ Schedule E/F, line _____ |
| Number        Street | ☐ Schedule G, line _____ |
| City        State        ZIP Code | |

| 3.2 | |
|---|---|
| Name | ☐ Schedule D, line _____ |
| | ☐ Schedule E/F, line _____ |
| Number        Street | ☐ Schedule G, line _____ |
| City        State        ZIP Code | |

Official Form 106H                Schedule H: Codebtors                page 1 of 1

**EXHIBIT 11**

EXHIBIT 12

| Attorney or Party Name, Address, Telephone & FAX | FOR COURT USE ONLY |
|---|---|
| rs,<br><br>Darlene C. Vigil<br>CA No. 223442<br>Barrett Daffin Frappier Treder & We  s,<br>3990 E. Concours Street, Suite 350<br>Ontario, CA 91764<br>Phone: (626) 371-7000; Fax: (972) 661-7726<br>E-mail: cdcaecf@        up<br>File No. 10555449 | **FILED & ENTERED**<br><br>AUG 28 2025<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY Mason    DEPUTY CLERK<br><br>CHANGES MADE BY COURT |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for ~~Movant~~  Creditor Wilmington Trust,et al.,* | |

**UNITED STATES BANKRUPTCY COURT**

| re<br><br>LARA FAKHOURY, | CAS    U      6      1510 -S<br>CHAPTER:      13 |
|---|---|
| | **ORDER** ☐ **GRANTING** ☒ **DENYING**<br>**MOTION FOR ORDER IMPOSING A STAY OR**<br>**CO      U    G        U O      IC S** |
| | ☐ No hearing h<br>☒ Hearing held<br>DATE      August 20,<br>TIME:      9:30 a.m.<br>COURTROOM:    302<br>ADDRESS: 3420 Twelfth Street, Riverside, CA 92501 |
| Debtor(s). | |
| **Movant** *(name)*: Lara Fakhoury | |

☒ Opp              ☐ opp              ☐        by tip

2.  The Motion affects the following property (Property):

☐      e (      e y  ar,        er, typ        el)

*Vehicle identification number:*
    le (      n)

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2018*                                          Page 1

**EXHIBIT 12**

☐  quip    nt (                    er, type,                    s)

    *Serial numbers(s):*
      *n (        n)*

☐  r p    nal prop rty (        e type,    tifying        n,        n)

☒  Real property:

    *Street Addres*
    *Unit Number:*
    *ity,    te, Zip*    Up and,

Legal description or document recording number (*including county of recording*):

    cu        19-0  29406, San        no County

☐  See attached page.

    s g            e g

a.  ☐  This case was filed in good faith.

    ☐  he  rop rty is o conseq  ntia        o        t to the    tate

c.  ☐  The presumption of bad faith under 11 U.S.C. § 362(c)(3)(C)(i) or (c)(4)(D)(i) has been overcome as to all

d.  ☐  The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(3)(C)(ii) or (c)(4)(D)(ii)

4.  The stay of 11 U.S.C. § 362(a) is

a   ☐    mposed *as to all creditors* unt l fu ther order o  the cou

b.  ☐  Imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured

c.  ☐  Imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

d   ☐                    _____

e.  ☐  Continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the
    Secured Creditor/Lessor unt  fu ther order o  the cou

f.  ☐  Continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the

5.  ☐  The stay is imposed or continued in effect subject to the terms and conditions set forth in the Adequate
    te    ttac    ent t    is orde

6.  ☐  See attached continuation page for additional provisions.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT 12**

7. ☒ The Motion is denied:  ☒ without prejudice  ☐ with prejudice  ☒ on the following grounds:

  a  ☒        d up        nding                                                          ing

  b.  ☐  Unexcused non-appearance by Movant

      ☐        f p op

  d.  ☐  Lack of good cause shown

      ☐        r (*spe ify*)

<div align="center">###</div>

Date: August 28, 2025

Scott H. Yun
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2018*                                        Page 3

**EXHIBIT 12**

**EXHIBIT 13**

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Central District of California ⊙

Case number (if known): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13



☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br>Bring your picture identification to your meeting with the trustee. | Majed<br>First name<br><br>Middle name<br><br>Fakhoury<br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name<br><br>Business name (if applicable)<br><br>Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX – XX – 0 0 2 5<br>OR<br>9 XX – XX – ___ ___ ___ ___ | XXX – XX – ___ ___ ___ ___<br>OR<br>9 XX – XX – ___ ___ ___ ___ |

**EXHIBIT 13**

Debtor 1 | **Majed** | | **Fakhoury** | | Case number *(if known)*_____
First Name | Middle Name | Last Name

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**4. Your Employer Identification Number (EIN), if any.**

EIN ___ – ___ ___ ___ ___ ___ ___ ___

EIN ___ – ___ ___ ___ ___ ___ ___ ___

About Debtor 2:

EIN ___ – ___ ___ ___ ___ ___ ___ ___

EIN ___ – ___ ___ ___ ___ ___ ___ ___

**5. Where you live**

1243 jacaranda pl
Number   Street

Upland                    CA    91784
City                          State   ZIP Code

San Bernardino
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

Number        Street

P.O. Box

City                          State    ZIP Code

**If Debtor 2 lives at a different address:**

Number        Street

City                          State    ZIP Code

County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

Number        Street

P.O. Box

City                          State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

**EXHIBIT 13**

| Debtor 1 | Majed | | Fakhoury | | Case number (if known)_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**Part 2:    Tell the Court About Your Bankruptcy Case**

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No
☐ Yes.

| Debtor | _____ | | | Relationship to you | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number, if known | _____ |
| | | | MM / DD / YYYY | | |
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| | | | MM / DD / YYYY | | |

**11. Do you rent your residence?**

☑ No.    Go to line 12.
☐ Yes.   Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.
☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

**EXHIBIT 13**

Debtor 1    **Majed**                    **Fakhoury**                         Case number *(if known)*_____
          First Name    Middle Name    Last Name

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number        Street

_____

_____
City                              State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor,* see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No.  I am not filing under Chapter 11.

☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

**EXHIBIT 13**

Debtor 1    **Majed**                    **Fakhoury**                              Case number (if known)_____
           First Name    Middle Name    Last Name

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

    ☑ No
    ☐ Yes.  What is the hazard?    _____
                                   _____

    *For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

    If immediate attention is needed, why is it needed? _____
                                                        _____

    Where is the property? _____
                           Number      Street

    _____

    _____
    City                          State    ZIP Code

EXHIBIT 13

Debtor 1    **Majed**                    **Fakhoury**                              Case number (if known)_____
         First Name    Middle Name    Last Name

---

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

**16. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

**EXHIBIT 13**

| Debtor 1 | Majed | Fakhoury | Case number (if known) | |
|---|---|---|---|---|
| | First Name   Middle Name | Last Name | | |

## Part 6:  Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ No.  I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7:  Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C.§§ 152, 1341, 1519, and 3571.

X _____     X _____
Signature of Debtor 1                       Signature of Debtor 2

Executed on  08/23/2025                Executed on _____
             MM / DD /YYYY                              MM / DD /YYYY

**EXHIBIT 13**

Debtor 1    **MAJED**                    **Fakhoury**
             First Name    Middle Name    Last Name

Case number (if known)_____

| | |
|---|---|
| **For your attorney, if you are represented by one** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |

**If you are not represented by an attorney, you do not need to file this page.**

✖ _____    Date _____
Signature of Attorney for Debtor                    MM   /   DD  / YYYY

_____
Printed name

_____
Firm name

_____
Number    Street

_____

_____
City                    State    ZIP Code

Contact phone _____    Email address _____

_____
Bar number                    State

**EXHIBIT 13**

| Debtor 1 | Majed | | Fakhoury | | Case number (if known) |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☑ No
☐ Yes. Name of Person_____.
        Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

✗ _____    ✗ _____
Signature of Debtor 1              Signature of Debtor 2

Date    08/23/2025                Date    _____
        MM / DD / YYYY                    MM / DD / YYYY

Contact phone  ██████████         Contact phone  _____

Cell phone  ██████████            Cell phone  _____

Email address  ████████████       Email address  _____

| Print | Save As... | Add Attachment | Reset |

**EXHIBIT 13**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Benjamin Heston<br>Bar Number: 297798<br>Nexus Bankruptcy<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Phone: (949) 312-1377 | |

☐ *Debtor(s) appearing without attorney*
☐ *Attorney for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -**SELECT DIVISION****

In re:

CASE NO.:

CHAPTER: 13

**VERIFICATION OF MASTER**
**MAILING LIST OF CREDITORS**

**[LBR 1007-1(a)]**

Debtor(s).

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of ___ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _____08/23/2025_____

_____
Signature of Debtor 1

Date: _____

_____
Signature of Debtor 2 (joint debtor) (if applicable)

Date: _____

_____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015                                                  F 1007-1.MAILING.LIST.VERIFICATION

**EXHIBIT 13**

Citadel Servicing corportion

PO Box 10081 Duluth, GA 30096 - 9377

**EXHIBIT 13**

**EXHIBIT 14**

**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Plaintiff

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>MAJED FAKHOURY,<br><br>Debtor. | **Case No: 6:25-bk-15107-SY**<br><br>**Chapter 13**<br><br>**Adv. No:** |
| MAJED FAKHOURY,<br><br>Plaintiff,<br><br>vs.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2;<br><br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP;<br><br>DOES 1 through 10, inclusive,<br><br>Defendants. | **ADVERSARY COMPLAINT FOR:**<br><br>**1. WILLFUL VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362(K));**<br><br>**2. AVOIDANCE OF UNAUTHORIZED POSTPETITION TRANSFER (11 U.S.C. § 549);**<br><br>**3. TURNOVER OF PROPERTY OF THE ESTATE (11 U.S.C. § 542);**<br><br>**4. DECLARATORY RELIEF (28 U.S.C. §§ 2201-2202); AND**<br><br>**5. INJUNCTIVE RELIEF (11 U.S.C. § 105)** |

///

///

///

///

ADVERSARY COMPLAINT
**EXHIBIT 14**

Plaintiff, Majed Fakhoury, brings this adversary proceeding against Defendants and alleges as follows:

## I.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (G), and (O), as it involves the administration of the estate, orders to turn over estate property, the automatic stay, and other matters affecting the estate and the debtor-creditor relationship.

3. Venue is proper in this district under 28 U.S.C. § 1409(a) because the Debtor's underlying bankruptcy case, No. 6:25-bk-15967-SY, is pending in this district, and the real property at issue is located here.

## II.

### THE PARTIES

4. Plaintiff, Majed Fakhoury, an individual, is the debtor in the Chapter 13 case *In re Majed Fakhoury*, Case No. 6:25-bk-15967-SY, pending in this Court. Plaintiff is proceeding *in pro per* in his main bankruptcy case.

5. Upon information and belief, Defendant Wilmington Trust, National Association, a national banking association, not in its individual capacity but solely as Trustee of MFRA Trust 2015-2 ("Wilmington") is the beneficiary under a deed of trust encumbering the subject real property. Upon further information and belief, Wilmington acts through its loan servicer, ServiceMac, LLC.

6. Upon information and belief, Defendant Barrett Daffin Frappier Treder & Weiss, LLP, a limited liability partnership ("BDF"), is a law firm that acted as the agent and substituted trustee for Wilmington and conducted the foreclosure proceedings at issue in this complaint.

ADVERSARY COMPLAINT
**EXHIBIT 14**

7.  The true names and capacities of Defendants Does 1 through 10, inclusive, are unknown
    to Plaintiff at this time, who therefore sues these Defendants by such fictitious names.
    Plaintiff is informed and believes and thereon alleges that each of the fictitiously named
    Defendants is legally responsible for the events herein alleged and that Plaintiff's
    damages were proximately caused by their conduct. Plaintiff will amend this Complaint
    to allege their true names and capacities when ascertained.

8.  Plaintiff is informed and believes that at all times relevant to this action, each of the
    Defendants was the agent, employee, or partner of each of the other Defendants and was
    acting within the course and scope of that relationship.

## III.

## FACTUAL ALLEGATIONS

9.  The real property at issue is commonly known as 1243 Jacaranda Place, Upland,
    California 91784 (the "Property"). The Property is the primary residence of Plaintiff, his
    spouse, and their children.

10. Plaintiff and his spouse, Lara Fakhoury, were married in 1998 and have been married
    continuously since. On or about January 28, 2019, during the marriage, the Property was
    acquired as the family residence. Although title to the Property was taken in Lara
    Fakhoury's name alone, this was done for loan qualification purposes because Plaintiff's
    credit was insufficient at the time of purchase, whereas his spouse had satisfactory credit.

11. The down payment for the Property came entirely from community funds earned during
    the marriage. Since its acquisition, all payments for the mortgage, property taxes,
    insurance, and maintenance have been paid from community funds derived
    predominantly from Plaintiff's earnings. At all relevant times, Plaintiff has held a
    community property interest in the Property under California Family Code § 760.

12. On July 25, 2025, Plaintiff's spouse, Lara Fakhoury, filed a Chapter 13 bankruptcy case
    in this Court, No. 6:25-bk-15107-SY. Although Ms. Fakhoury's Motion to Continue the
    Automatic Stay was denied on August 20, 2025, her case remains active and is

ADVERSARY COMPLAINT
**EXHIBIT 14**

proceeding toward confirmation. She has made all post-petition mortgage payments, made all required payments to the Chapter 13 Trustee, and has filed all necessary amendments to resolve the Trustee's objections.

13. Following the hearing on August 20, 2025, and with Defendants intent on proceeding with a foreclosure sale, Plaintiff was left with no other means to protect his community property interest in the family home, filed his own Chapter 13 case on August 25, 2025.

14. The filing of Plaintiff's petition created an automatic stay under 11 U.S.C. § 362(a). This stay protects all property of the estate, which under 11 U.S.C. § 541(a)(2) includes Plaintiff's community property interest.

15. Although Plaintiff, who was self-represented at the time of the initial filing, did not list Defendants Wilmington or BDF on the creditor mailing matrix filed with the Court, it is undisputable that Defendants received actual notice of the bankruptcy filing and the resulting automatic stay. On August 25, 2025, and again on several subsequent dates prior to the foreclosure, both Plaintiff and counsel contacted representatives for the Defendants by telephone. In these conversations, Defendants' representatives confirmed they were aware of Plaintiff's bankruptcy filing and indicated that the matter had been "sent to legal" for review.

16. In addition to telephonic notice, counsel for Plaintiff's spouse provided direct written notice of the bankruptcy filing to attorney Darlene Vigil of BDF via email, and she acknowledged receipt of this email.

17. Accordingly, it is not subject to reasonable dispute that Defendants had knowledge of Plaintiff's bankruptcy case prior to the foreclosure sale.

18. On September 4, 2025, Defendants Wilmington and BDF knowingly and deliberately conducted a non-judicial foreclosure sale of the Property, despite their knowledge of Plaintiff's pending bankruptcy and the automatic stay.

19. This action was a direct violation of the automatic stay imposed by 11 U.S.C. § 362(a), as it was an act to enforce a lien against and obtain possession of property of the estate.

ADVERSARY COMPLAINT
**EXHIBIT 14**

20. As the foreclosure was done in violation of the automatic stay, any purported sale or transfer of the Property is void *ab initio* as a matter of law.

21. Defendants' wrongful conduct has proximately caused significant harm to Plaintiff and his estate. These damages include: the potential loss of approximately $700,000 of equity; severe emotional distress and anxiety to Plaintiff; and emotional distress to his family. If evicted, Plaintiff's 88-year-old, bed-ridden mother would be forced into hospice care, causing extreme and unnecessary trauma. Furthermore, Plaintiff has incurred attorney's fees and costs to commence this adversary proceeding to enforce the automatic stay.

## IV.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

#### Willful Violation of the Automatic Stay (11 U.S.C. § 362(k))

22. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 21 of this Complaint.

23. The filing of Plaintiff's Chapter 13 petition on August 25, 2025, created an automatic stay under 11 U.S.C. § 362(a). The stay enjoined all entities from, among other things, any act to obtain possession of or exercise control over property of the estate, and any act to create, perfect, or enforce a lien against property of the estate.

24. At the time they conducted the foreclosure sale on September 4, 2025, Defendants had actual knowledge of Plaintiff's bankruptcy filing and the automatic stay.

25. Defendants' action in conducting the foreclosure sale was an intentional act taken with knowledge of the automatic stay and therefore constitutes a willful violation.

26. Under 11 U.S.C. § 362(k), an individual injured by a willful violation of the stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages.

ADVERSARY COMPLAINT
**EXHIBIT 14**

27. As a direct result of Defendants' willful violation of the automatic stay, Plaintiff has suffered actual damages, including damages for severe emotional distress, and has incurred attorneys' fees and costs. The flagrant nature of Defendants' wanton disregard of Plaintiff's rights warrants an award of punitive damages.

## SECOND CAUSE OF ACTION

### Avoidance of Unauthorized Postpetition Transfer (11 U.S.C. § 549)

28. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 27 of this Complaint.

29. The foreclosure sale of the Property on September 4, 2025, was a transfer of an interest of the Debtor in property.

30. The transfer occurred after the commencement of Plaintiff's bankruptcy case and was therefore a postpetition transfer.

31. The transfer was not authorized by the Bankruptcy Code or by an order of this Court.

32. Under 11 U.S.C. § 549(a), a trustee may avoid an unauthorized postpetition transfer of estate property. Pursuant to 11 U.S.C. §§ 522(h) and 1303, the Debtor may exercise the powers of a trustee. Plaintiff is therefore entitled to a judgment avoiding the foreclosure sale.

## THIRD CAUSE OF ACTION

### Turnover of Property of the Estate (11 U.S.C. § 542)

33. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 32 of this Complaint.

34. Plaintiff's community property interest in the Property is property of the bankruptcy estate under 11 U.S.C. § 541(a)(2).

35. The Defendants, and/or the purchaser at the foreclosure sale, are in possession, custody, or control of the Property, which belongs to the estate.

36. The Property is property that the Debtor may use, sell, or lease under 11 U.S.C. § 363.

ADVERSARY COMPLAINT
**EXHIBIT 14**

37. Under 11 U.S.C. § 542(a), an entity in possession of estate property must deliver it to the Debtor. Plaintiff is therefore entitled to an order compelling Defendants to turn over the Property to the estate.

## FOURTH CAUSE OF ACTION

### Declaratory Relief (28 U.S.C. §§ 2201-2202)

38. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 37 of this Complaint.

39. An actual controversy exists between Plaintiff and Defendants concerning their respective rights. Plaintiff contends that his community property interest in the Property is protected by the automatic stay and that the foreclosure sale is void. Defendants, by their actions, have asserted a contrary position.

40. A judicial declaration is necessary to determine the parties' respective rights and duties.

41. Plaintiff seeks a judicial declaration that: (a) he possesses a valid community property interest in the Property; (b) this interest is property of the bankruptcy estate under 11 U.S.C. § 541; (c) the automatic stay under 11 U.S.C. § 362(a) was in effect and applied to the Property as of August 25, 2025; and (d) the foreclosure sale conducted on September 4, 2025, is void *ab initio*.

## FIFTH CAUSE OF ACTION

### Injunctive Relief (11 U.S.C. § 105; Fed. R. Bankr. P. 7065)

42. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 41 of this Complaint.

43. Plaintiff will suffer immediate and irreparable injury unless Defendants are enjoined by the Court. There is a substantial risk that Defendants will attempt to perfect the void foreclosure by recording the Trustee's Deed Upon Sale and will initiate eviction proceedings against Plaintiff and his family.

**EXHIBIT 14**

44. Plaintiff has no adequate remedy at law, as the Property is inherently unique and monetary damages are insufficient to compensate for its loss.

45. Under 11 U.S.C. § 105(a), this Court may issue any order necessary to carry out the provisions of the Bankruptcy Code. Plaintiff is therefore entitled to temporary, preliminary, and permanent injunctive relief enjoining Defendants and their agents from: (a) recording a Trustee's Deed Upon Sale for the Property; (b) initiating or prosecuting any eviction action related to the Property; and (c) taking any other action to enforce the void foreclosure sale or otherwise interfere with Plaintiff's interests in the Property.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the entry of a judgment against Defendants, jointly and severally, as follows:

1. For a declaration that the non-judicial foreclosure sale of the Property conducted on September 4, 2025, is void *ab initio*;

2. For an order avoiding the postpetition transfer of the Property under 11 U.S.C. § 549;

3. For an order compelling the turnover of the Property to the bankruptcy estate under 11 U.S.C. § 542;

4. For an award of actual damages in an amount to be determined at trial, including damages for Plaintiff's severe emotional distress;

5. For an award of reasonable attorney's fees and costs incurred in this action, pursuant to 11 U.S.C. § 362(k);

6. For an award of punitive damages against Defendants;

7. For a declaration that Plaintiff possesses a valid community property interest in the Property and that this interest is property of the bankruptcy estate protected by the automatic stay;

8. For the issuance of a temporary restraining order, a preliminary injunction, and a permanent injunction prohibiting Defendants and their agents from recording any

**EXHIBIT 14**

Trustee's Deed Upon Sale or taking any other action to consummate the foreclosure or

interfere with Plaintiff's rights to the Property; and

9. For such other and further relief as the Court deems just and proper.

Respectfully,

NEXUS BANKRUPTCY

Date: September 8, 2025

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Plaintiff

**EXHIBIT 14**

**EXHIBIT 15**

OLD REPUBLIC TITLE CO.

RECORDING REQUESTED BY:

Old Republic Title (SB)

WHEN RECORDED MAIL TO:

Majedy Fakoury
1243 Jacaranda Place
Upland, CA 91784

103259-14

Recorded in Official Records, County of
San Bernardino, Errol J. Mackzum, Recorder

# Doc No. 19980008353
4:09pm 01/09/98

## Old Republic Title    # 614

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|
| | PG | FEE | APF | GIMS | PN CPY | CRT CPY | ADD NM | PEN PR | | PCOR |
| | | | | | 533 | 247.50 | | 614 | | G |
| | NON ST | LN | SVY | CIT-CO | TRANS TAX | | DA | CHRG | | EXAM |

SPA

G R A N T   D E E D

The undersigned Grantor(s) declare(s): Documentary transfer tax is $ 247.50
ASSESSOR'S PARCEL NO.: 1005-091-24(X)   computed on full value of property conveyed, or
TITLE ORDER NO.: 103259-14        ( )   computed on the full value less liens or
ESCROW NO.: 9189-KC                     encumbrances remaining at the time of sale
TRA 009-005
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged:
Gregory D. Bunch and Piedad M. Bunch, husband and wife

hereby GRANT(S) to ~~MAJEDY FAKOURY~~ MAJDEY FAKHOURY, A SINGLE MAN


The following real property in the City of Upland, San Bernardino County, State of
California:

described as: Lot 13 Tract No. 13794, City of Upland, County of San Bernardino,  State
of California, as per map recorded in Book 208, Page(s) 58 to 60 of maps, in the office
of the County Recorder of said County.

Date:  October 21, 1997

_____
Gregory D. Bunch

_____
Piedad M. Bunch

STATE OF CALIFORNIA          )
COUNTY OF San Bernardino     )
On 11/23/97 before me, Jessica Schauer
Notary Public                personally
appeared Gregory D. Bunch and Piedad M.
Bunch
personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument
the person(s) or the entity upon behalf of which the
person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature  Jessica Schauer

JESSICA SCHAUER
COMM. #1146939
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires July 17, 2001

BCT4

(This area for official notarial seal)

MAIL TAX STATEMENTS TO: 1243 Jacaranda Place, Upland, CA 91784


**EXHIBIT 15**

**EXHIBIT 16**

Recorded in Official Records, County of San Bernardino      7/11/2007
4:24 PM
MD

**LARRY WALKER**
Auditor/Controller — Recorder

RECORDING REQUESTED BY:
Majedy Fakhoury and Lara Fakhoury

AND WHEN RECORDED MAIL TO:

Lara Fakhoury
1243 Jacaranda Pl.
Upland, CA 91784

P Counter

Doc#:   **2007-0409678**

| Titles: | 1 | Pages: | 1 |

| Fees | 8.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $8.00 |

| Title Order No.: | THIS SPACE FOR RECORDER'S USE ONLY: Escrow No.: NONE |

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is $NONE CITY TRANSFER TAX $NONE**
**"THIS IS A BONAFIDE GIFT AND THE GRANTOR RECEIVED NOTHING IN RETURN R & T 11911"**
[ ] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[X] Unincorporated area   [ XX ] City of Upland **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**Majedy Fakhoury , a single man**

hereby GRANT(s) to:

**Lara Fakhoury, a single woman**

the real property in the City of Upland County of San Bernardino , State of California, described as:
Lot 13, Tract 13794, in the City of Upland, County of San Bernardino, State of California, as per map recorded in
Book 208, Pages 58 to 60 of Maps, in the office of the County Recorder of said County.

Also Known as: 1243 Jacaranda Pl., Upland, CA 91784
AP# 1005-091-24

DATED July 3, 2007
STATE OF CALIFORNIA
COUNTY OF   Los Angeles
On   July 3, 2007
Before me,  Deborah L. Armijo
A Notary Public in and for said State, personally appeared

  Majedy Fakhoury

personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.
**WITNESS** my hand and official seal.

Signature

Majedy Fakhoury

DEBORAH L. ARMIJO
Commission # 1462551
Notary Public - California
Los Angeles County
My Comm. Expires Jan 31, 2008

(This area for official notarial seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

LA131854

EXHIBIT 16

**EXHIBIT 17**

PLEASE COMPLETE THIS INFORMATION

RECORDING REQUESTED BY:

MAIL TAX STATEMENTS TO

AND WHEN RECORDED MAIL TO:

E Jans Inv & Dev
2058 N. mills #327
Claremont, CA 91711

---

Recorded in Official Records, County of San Bernardino



**LARRY WALKER**
Auditor/Controller — Recorder

P Counter

Doc#: 2010-0287157

7/16/2010
3:47 PM
ALS

| Titles: | 1 | Pages: | 3 |
|---------|---|--------|---|
| Fees | | | 15.00 |
| Taxes | | | 0.00 |
| Other | | | 0.00 |
| PAID | | | $15.00 |

SPACE ABOVE FOR RECORDER'S USE ONLY

---

Grant Deed

**Title of Document**

# THIS AREA FOR RECORDER'S USE ONLY

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

(Rev. 9/27/07-c:dt)

(Word/S:/Doc Exam/Cover Sheet)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT 17

RECORDING REQUESTED BY

EJANS INVESTMENT AND DEVELOPMENT CO

AND WHEN RECORDED MAIL TO

NAME:          EJANS INVESTMENT AND DEVELOPMENT CO

ADDRESS:       2058 NORTH MILLS AVENUE, #327

CITY
STATE & ZIP    CLAIREMONT, CA 91711

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# GRANT DEED

APN: 1005-091-24-0-000          The undersigned grant(s) declare (s) _____ Zero (0) _____
DOCUMENT TRANSFER TAX $
☐ computed on full value property conveyed, or
☐ computed on the full value less liens & encumbrances remaining at time of sale.
☐ Unincorporated Area City of **UPLAND**

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, that **LARA FAKHOURY**
hereby releases and grant to **EJANS INVESTMENT AND DEVELOPMENT CO** the following property in the
County of San Bernardino, City of **UPLAND**, State of California, with the following Legal Description:

**LOT 13 OF TRACT 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, CALIFORNIA AS
PER MAP RECORDED IN BOOK 208, PAGES 58-60, INCLUSIVE OF MAPS, IN THE OFFICE OF THE
COUNTY RECORDER OF SAID COUNTY.**

**COMMONLY KNOWN AS:   1243 JACARANDA PLACE, UPLAND, CA. 91784**

___1/17/2008___

LARA FAKHOURY

State of California                              )
County of San Bernardino   Los Angeles M.R.     ) ss.
                                                )

On  July 7' 2010  before me,  M. Ruiz  _____, CALIFORNIA
NOTARY PUBLIC, LARA FAKHOURY who proved to me on the basis satisfactory evidence to be the person(s) whose
names is/are subscribed to the within Instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon of which the person(s) acted, executed the instrument.   I certify under PENALTY OF PERJURY under the laws the
State of California that the foregoing paragraph is true and correct.                      (Official Seal)

WITNESS my hand and official seal.

Signature _____
              Signature of Officer

M. RUIZ
Commission # 1782684
Notary Public - California
Los Angeles County
My Comm. Expires Nov 30, 2011

MAIL TAX STATEMENT AS DIRECTED ABOVE

**EXHIBIT 17**

2008 All Capacity Acknowledgment

STATE OF _California_

COUNTY OF _Los Angeles_

On _July 8' 2010_ before me, _M. Ruiz, Notary Public_,
(Date)                              (Name and title of the officer)
personally appeared _Lara Fakhoury_, who proved to me on the basis of
(Name of person signing)
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

M. RUIZ
Commission # 1782684
Notary Public - California
Los Angeles County
My Comm. Expires Nov 30, 2011

_____
Signature of officer

(Seal)

EXHIBIT 17

**EXHIBIT 18**

RECORDING REQUESTED BY

*Kholid Fakhoury*

EJANS INVESTMENT AND DEVELOPMENT CO

AND WHEN RECORDED MAIL TO

NAME:    EJANS INVESTMENT AND DEVELOPMENT (

ADDRESS:    2058 NORTH MILLS AVENUE, #327

CITY
STATE & ZIP    CLAREMONT, CA 91711

Recorded in Official Records, County of San Bernardino

**DENNIS DRAEGER**
ASSESSOR – RECORDER – CLERK

P Counter

8/23/2011
2:49 PM
MP

Doc#: **2011 – 0355721**

| Titles: | 1 | Pages: | 1 |
|---|---|---|---|
| Fees | | 15.00 |
| Taxes | | 0.00 |
| Other | | 0.00 |
| PAID | | $15.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# QUITCLAIM DEED

APN: 1005-091-24-0-000

The undersigned grant(s) declare (s) _____ Zero (0) _____

DOCUMENT TRANSFER TAX $

☐ computed on full value property conveyed, or

☐ computed on the full value less liens & encumbrances remaining at time of sale.

☐ Unincorporated Area City of _____

FOR VALUABLE CONSIDERATION, receipt of which is hereby **EJANS INVESTMENT AND DEVELOPMENT CO** hereby releases and grant to **LARA FAKHOURY** following property in the County of San Bernardino, City of **UPLAND**, State of California, with the following Legal Description:

**LOT 13 OF TRACT NO. 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, CALIFORNIA AS PER MAP RECORDED IN BOOK 208, PAGES 58-60, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COURNTY RECORDER OF SAID COUNTY.**

**COMMONLY DESCRIBED AS:    1243 JACARANDA PLACE, UPLAND, CA. 91784**
"This deed is subject to a $275,000 note owed to EJANS INVESTMENT AND DEVELOPMENT COMPANY"

_____ August 23, 2011 _____

KHALID FAKHOURY

State of California    )
                        ) ss.
County of San Bernardino )

On August 23, 2011, before me, DENISE MCDONALD, CALIFORNIA NOTARY PUBLIC, who personally appeared KHALID FAKHOURY who proved to me on the basis satisfactory evidence to be the person(s) whose name(s) are subscribed to the within Instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon of which the person(s) acted, executed the instrument.   I certify under PENALTY OF PERJURY under the laws the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

(Official Seal)

Signature _____

Signature of Officer

DENISE MCDONALD
Commission # 1799453
Notary Public - California
San Bernardino County
My Comm. Expires Oct 9, 2012

MAIL TAX STATEMENT TO:   EJANS INVESTMENT COMPANY, 2058 NORTH MILLS AVENUE, #327, CLAREMONT, CA 91711

EXHIBIT 18

**EXHIBIT 19**

RECORDING REQUESTED BY

Majedy Fakhoury & Lara Fakhoury

AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

NAME        Majedy Fakhoury
STREET
ADDRESS     1243 Jacaranda Pl.
CITY, STATE &  Upland CA 91784
ZIP CODE

Recorded in Official Records, County of San Bernardino

**DENNIS DRAEGER**
ASSESSOR – RECORDER – CLERK

P Counter

Doc#: **2011-0513587**

12/05/2011
11:26 AM
BN

| | |
|---|---|
| Titles: 1 | Pages: 1 |
| Fees | 35.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $35.00 |

TITLE ORDER NO          ESCROW NO          SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# GRANT DEED

APN: 1005-091-24

The undersigned grantor(s) declare(s)  0.00 "BONAFIDE GIFT"
DOCUMENTARY TRANSFER TAX $
☐ computed on full value of property conveyed, or
☐ computed on full value less liens and encumbrances remaining at time of sale.
☒ Unincorporated Area      City of Upland

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I (We)

Lara Fakhoury, a single woman

hereby remise, release and grant to Majedy Fakhoury, a single man, subject to Chase Bank
and EJANS investment & development.

the following described real property in the City of Upland ,County of San Bernardino
State of California, with the following legal description: Lot 13; Tract 13794, in the City of Upland
County of San Bernardino, State of California, as per map recorded in
Book 208, pages 58 to 60 of Maps, in the office of the County Recorder
of said County.

December 5, 2011
Date

Lara Fakhoury

STATE OF California

COUNTY OF San Bernardino

On December 5, 2011 before me, Leticia Bautista, Notary Public ,
(Date)                              (Name and title of the officer)

personally appeared Lara Fakhoury ,
(Name of person signing)

who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of officer

LETICIA BAUTISTA
COMM. #1862379
NOTARY PUBLIC • CALIFORNIA
RIVERSIDE COUNTY
Comm. Exp. AUG. 23, 2013

MAIL TAX STATEMENT AS DIRECTED ABOVE

* There are various types of deed forms depending on each person's legal status. Before you use this form you many want to consult an
attorney if you have questions concerning which document form is appropriate for your transaction.

EXHIBIT 19

**EXHIBIT 20**

RECORDING REQUESTED BY

FASCOLA

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

Name
Street
Address        ANWAR FAKHOURI
City           3320 PALOMA AVENUE
State          LA VERNE, CA 91750
Zip

APN:           1005-091-24

Electronically Recorded in Official Records, County of San Bernardino        12/03/2013
                                                                             10:14 AM
                                                                             ALS



DENNIS DRAEGER
ASSESSOR - RECORDER - CLERK
838 First American Title Company

Doc #: **2013-0519586**

| | Titles: 1 | Pages: 1 |
|---|---|---|
| Fees | | 15.00 |
| Taxes | | .00 |
| Other | | .00 |
| **PAID** | | **15.00** |

## INTERSPOUSAL TRANSFER DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

ABEER FAKHOURI, GARNTEES SPOUSE        DTT : $0

hereby GRANT(S) to

ANWAR FAKHOURI, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

The following described real property in the City of UPLAND
County of SAN BERNARDINO, State of California:

LOT 13, TRACT 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, STATE OF
CALIFORNIA , AS PER MAP RECORDED IN BOOK 208, PAGES 58 TO 60 OF MAPS, IN THE OFFICE OF
THE COUNTY RECORDER OF SAID COUNTY

COMMONLY KNOWN AS: 1243 JACARANDA PLACE, UPLAND CA 91784

Dated    11/18/2013

STATE OF CALIFORNIA,            )
COUNTY OF  Los Angeles          )
On  November 18, 2013                    before me,
Lillian Alvarez              , Notary Public
personally appeared    ABEER FAKHOURI

ABEER FAKHOURI

who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that
by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ , Notary Public

LILLIAN ALVAREZ
Comm. #1946562
Notary Public - California
Los Angeles County
Comm. Expires Aug 30, 2015

(Notary Seal)

MAIL TAX STATEMENTS TO
RETURN ADDRESS ABOVE

EXHIBIT 20

**EXHIBIT 21**

RECORDING REQUESTED BY

FAT COLA

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

Name: ANWAR FAKHOURI
Street Address: 3320 PALOMA AVENUE
City: LA VERNE, CA 91750
State
Zip

Electronically Recorded in Official Records, County of San Bernardino    12/03/2013 10:14 AM ALS



**DENNIS DRAEGER**
ASSESSOR - RECORDER - CLERK
838 First American Title Company

Doc #: **2013-0519587**

| | | |
|---|---|---|
| Titles: | 1 | Pages: 1 |
| Fees | | 15.00 |
| Taxes | | .00 |
| Other | | .00 |
| PAID | | 15.00 |

RECORDERS USE ONLY

# GRANT DEED

TAX PARCEL NO. 1005-091-24

The undersigned declares that the documentary transfer tax is   $0.00 R&T 11911   and is

___X___  computed on the full value of the interest of the property conveyed, or is

_____  computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.

The land, tenements or realty is located in

_____  unincorporated area   ___X___ city   UPLAND   and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

MAJEDY FAKHOURY, A SINGLE MAN

hereby GRANT(S) to

ANWAR FAKHOURI, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

The following described real property in the City of UPLAND
County of SAN BERNARDINO, State of California:

LOT 13, TRACT 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA , AS PER MAP RECORDED IN BOOK 208, PAGES 58 TO 60 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

COMMONLY KNOWN AS: 1243 JACARANDA PLACE, UPLAND CA 91784

Dated   11/18/2013

STATE OF CALIFORNIA,                              )
COUNTY OF   Los Angeles                        )
On   November 18, 2013                        before me,
Lillian Alvarez                        , Notary Public
personally appeared   MAJEDY FAKHOURY

MAJEDY FAKHOURY

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ , Notary Public

**LILLIAN ALVAREZ**
Comm. #1946562
Notary Public - California
Los Angeles County
Comm. Expires Aug 30, 2015

(Notary Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW:   IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE.

Name                          Street Address                          City & State

**EXHIBIT 21**

**EXHIBIT 22**

**Recording Requested By**
,   First American Title Company

RECORDING REQUESTED BY:
~~Corinthian Title Company, Inc.~~
Order No
Escrow No. 08182054GS
Parcel No. **1005-091-24-0-000**

AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENT TO:

LARA FAKHOURY
1243 JACARANDA PLACE
UPLAND, CA 91784

Electronically Recorded in Official Records, County of San Bernardino    1/29/2019
02:47 PM
CG

**BOB DUTTON**
ASSESSOR - RECORDER - CLERK
691 Document Processing Solutions

Doc# **2019-0029405**

| | | |
|---|---|---|
| Titles | 1 | Pages 2 |
| Fees | | 17.00 |
| Taxes | | 1,320.00 |
| CA SB2 Fee | | .00 |
| Others | | .00 |
| Paid | | 1,337.00 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS **$1,320.00** and CITY $
☑ computed on full value of property conveyed, or
☐ computed on full value less liens or encumbrances remaining at the time of sale.
☐ unincorporated area:   ☑ **Upland**, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Anwar Fakhoury, a single man**

hereby GRANT(S) to   **Lara Fakhoury , A Single Woman**

the following described real property in the County of **San Bernardino**, State of California:
Lot 13, Tract 13794, in the City of Upland, County of San Bernardino, State of California, as per Map recorded in Book 208,
Page 58 to 60 of Maps, in the Office of the County Recorder of said County.
More commonly known as: **1243 Jacaranda Place, Upland, CA  91784**     *See Exhibit "A"*

Date   November 21, 2018

_Anwar Fakhoury_
Anwar Fakhoury

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document
to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _Los Angeles_    }S.S.

On _11/21/18_ , before me, _Sharon Barbato,_ notary public,
personally appeared **Anwar Fakhoury**, who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _Sharon Barbato_ (Seal)
_Notary Public_

SHARON BARBATO
Notary Public - California
Los Angeles County
Commission # 2193877
My Comm. Expires Apr 25, 2021

Mail Tax Statement to: SAME AS ABOVE or Address Noted Below

**EXHIBIT 22**

**Exhibit "A"**

**Legal Description**

A.P.N.: 1005-091-24-0-000

Real property in the City of Upland, County of San Bernardino, State of California, described as follows:

LOT 13, TRACT NO. 13794, IN THE CITY OF UPLAND, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER PLAT RECORDED IN BOOK 208 OF MAPS, PAGE(S) 58 TO 60, INCLUSIVE, RECORDS OF SAID COUNTY.

EXHIBIT 22

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3990 E. CONCOURS STREET, SUITE 350, ONTARIO, CA 91764**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION  FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/14/2025   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Trustee:  (Riverside)  ustpregion16.rs.ecf@usdoj.gov
Charles W Daff (TR)    charleswdaff@gmail.com, c122@ecfcbis.com
Benjamin Heston    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Tinho Mang    tmang@marshackhays.com,
tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  10/14/2025  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:  Majed Fakhoury, 1243 Jacaranda Pl, Upland, CA 91784
Mortgagor: Lara Fakhoury, 1243 Jacaranda Place, Upland, CA 91784

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  10/14/2025                      , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge: Hon. Scott H. Yun, U.S. Bankruptcy Court, 3420 Twelfth Street, Suite 345, Riverside, CA 92501

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/14/2025 | DARLENE C. VIGIL | /s/ Darlene C. Vigil |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
Page 12

June 2017                                                                                      **F 4001-1.RFS.RP.MOTION**