# United States Bankruptcy Court
## Central District of California
Riverside
Scott Yun, Presiding
Courtroom 302 Calendar

| | |
|---|---|
| **Wednesday, November 5, 2025** | **Hearing Room 302** |

<u>9:30 AM</u>
**6:25-15967    Majed Fakhoury                                                            Chapter 7**

    **#3.00**    Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 1243 Jacaranda Place, Upland, CA 91784

                        Docket    42

**Matter Notes:**
    GRANTED: ✓    DENIED: _____

    APO: _____

    CONT'D. TO: _____

    WITHDRAWN: _____

    ORDER LODGED BY: Movant

**Tentative Ruling:**

    GRANT relief from the automatic stay under §§ 362(d)(1) and (d)(4).

    GRANT annulment of the automatic stay.

    GRANT waiver of FRBP 4001(a)(4) stay.

    Sufficient cause exists to grant the motion because the debtor and his wife, Lara Fakhoury, have acted in bad faith by filing multiple bankruptcy cases to hinder, delay, and defraud the moving party. Just this year alone, the debtor and his wife have filed 3 separate bankruptcy cases, each case filed just a few days before the scheduled non-judicial foreclosure sale. Even before the 2025 bankruptcy cases, the court granted relief from stay to this same movant in Lara Fakhoury's 2022 chapter 13 bankruptcy case as a result of her post-confirmation default in

**United States Bankruptcy Court**
**Central District of California**
Riverside
Scott Yun, Presiding
Courtroom 302 Calendar

Wednesday, November 5, 2025                            Hearing Room     302

9:30 AM
CONT...    Majed Fakhoury                                              Chapter 7

making monthly payments. The debtor's wife in her 3 prior bankruptcy cases has never completed her chapter 13 plan and never received a discharge. As a result of her continued bad faith filings and the abuse of the Bankruptcy Code, the court dismissed Lara Fakhoury's last case with a 180-day bar against refiling under § 109(g)(1). Shortly after the court denied Lara Fakhoury's motion to continue the automatic stay in her last chapter 13 case, the debtor filed this instant bankruptcy case in another desperate attempt to delay the foreclosure. More than sufficient cause exists to grant the motion under § 362(d)(1).

The requirements for in rem relief are also met. The movant is a secured creditor with a claim against a real property the debtor identifies in his Schedule A/B. The debtor also lists the movant as holding a secured claim against the real property in his Schedule D. As identified above, there have been multiple bankruptcy cases filed by the debtor and his wife affecting the movant, all in their attempt to hinder, delay, and defraud the movant's attempts to exercise its rights. This court has previously identified numerous instances in which Lara Fakhoury, in her bankruptcy cases, made misrepresentations to the court, including her alleged employment by companies owned by her husband's family and the lack of transparency regarding her husband's employment. Prior counsel for Lara Fakhoury, Mr. Heston, belatedly attempts to justify those misstatements in a declaration filed in response to this motion. He, however, does not have personal knowledge of those facts. The court therefore gives no weight to that evidence. Even if he had personal knowledge, the fact that these "explanations" are being provided now instead of in prior pleadings and declarations is disconcerting. Either the debtor or his wife was not being completely truthful to counsel, or counsel has misled the court. The court previously warned Mr. Heston about his handling of these bankruptcy cases. He appears to be merely parroting whatever the debtor, who he also represents, and his wife are

**United States Bankruptcy Court
Central District of California**
Riverside
Scott Yun, Presiding
Courtroom 302 Calendar

Wednesday, November 5, 2025                                       Hearing Room    302

9:30 AM
CONT...    Majed Fakhoury                                                                          Chapter 7

telling him without any attempt to verify the veracity of those statements. Only after the movant or the court points out unfavorable evidence or inconsistent statements does he very belatedly attempt to come up with explanations. These ex-post explanations are not charming nor amusing. If the debtor and his wife knew those facts from the beginning, it's even more disturbing that they attempted to deceive the court by omitting important facts related to the debtor's brother and his companies until now. The lack of candor in this case and the debtor's wife's prior cases is shocking.

The debtor and his wife next attempt to challenge the standing of the movant to bring this motion. The movant has a colorable claim to bring this motion. "A proceeding to determine eligibility for relief from a stay only determines whether a creditor should be released from the stay in order to argue the merits in a separate proceeding. Given the limited nature of the relief obtained through this proceeding and because final adjudication of the parties' rights and liabilities is yet to occur, a party seeking stay relief need only establish that it has a colorable claim to the property at issue. In re Griffin, 719 F.3d 1126, 1128 (9th Cir. 2013) (per curiam) (citations omitted). The law in the Ninth Circuit does not require that the moving party in a relief from stay motion be the actual beneficiary of a deed of trust. Here, Exhibits "1" through "7" to the motion establish that the moving party is either the servicer or the trustee of the MFRA Trust that has the right to enforce the deed of trust. It is also abhorrent that the debtor and his wife now attempt to challenge the movant's standing when the debtor in his Schedule D that he signed under penalty of perjury specifically identifies the movant as a secured creditor secured by their home. The debtor did not check any of the boxes to dispute the validity of the movant's claim or its security interest against the house. This is another glaring example of how the debtor and his wife have and continues to make misrepresentations to the court and

United States Bankruptcy Court
Central District of California
Riverside
Scott Yun, Presiding
Courtroom 302 Calendar

Wednesday, November 5, 2025     Hearing Room    302

9:30 AM
CONT...    Majed Fakhoury     Chapter 7
abuse the bankruptcy process.

Finally, the debtor and his wife argue that if the motion is denied, the chapter 7 trustee may be interested in administering this estate by selling the home. There are multiple problems with this argument. One, there is no evidence that the chapter 7 trustee is interested in selling the home. He has not filed any pleading indicating his interest to do so. The documents Lara Fakhoury's counsel attaches to his declaration regarding a pending sale of the home, rather than help them, work against them. The debtor, even though his case converted to chapter 7, are proceeding with an attempt to sell the home, and he and his wife signed multiple documents after the conversion of the case. All of those documents are void because the debtor lacks the authority to enter into those contracts. It is the debtor who is arguing that because the home is community property, it is property of the bankruptcy estate. Yet, he is actively trying to sell the house even after the conversion of the case to chapter 7. The debtor and his wife's complete disregard for the bankruptcy law appears to be unabated even at this late date. Even the current sale documents appear dubious. Even though the home is being sold for $1.5 million, the buyer only deposited a paltry sum of $5,000, which is significantly lower than the standard deposit for home sales. The court has concerns that this attempted sale is another artifice concocted by the debtor and his wife and is not a legitimate, third-party transaction. The debtor and his wife also completely ignore the fact that the movant already foreclosed on the property. No legitimate buyer would attempt to purchase this home, no legitimate lender would lend against this property (the purported sale has a $1.2 million financing contingency), and no legitimate title insurer would issue a policy at this point. The sale appears to be completely illusory.

Annulment of the stay is also justified in this context. The most

# United States Bankruptcy Court
## Central District of California
Riverside
Scott Yun, Presiding
Courtroom 302 Calendar

Wednesday, November 5, 2025     Hearing Room    302

9:30 AM
CONT...     Majed Fakhoury                                                        Chapter 7

important factor to consider in annulment of the stay is whether the creditor knew about the automatic stay. Here, Lara Fakhoury in multiple contexts, including before this court, claimed she owned the property as her sole and separate property. In her own bankruptcy schedules she signed under penalty of perjury, the debtor's wife did not fully disclose that the property is also owned by the debtor or that the debtor is a co-obligor under the promissory note. In fact, the debtor's wife is the only borrower under the promissory note and the deed of trust identifies her as a "single woman". See Exhibits "1" and "2" to the motion. Exhibits "15" through "22" to the motion are also multiple transfer documents that identify both the debtor and his wife as "single woman" and "single man". It is abundantly clear that the debtor and his wife have consistently lied about their marital status over the years. The moving party has been severely prejudiced as a result of the debtor and his wife's deceptions and the abuse of the Bankruptcy Code over the years. Annulment of the stay is more than justified in this context.

This is a FINAL RULING and no hearing will be conducted. If a need for a hearing arises, please contact chambers.

| Party Information |
|---|

**Debtor(s):**

Majed Fakhoury                                Represented By
                                                                      Benjamin Heston

**Movant(s):**

Wilmington Trust, National              Represented By
                                                                      Darlene C Vigil

**Trustee(s):**

Charles W Daff (TR)                    Represented By
                                                                      Tinho Mang